# EXHIBIT "A"

JEFF FINE
Clerk of the Superior Court
By Molichia Vallente, Deputy
Date 01/23/2020 Time 08:05:59
Description                    Amount
--------- CASE# CV2020-050551 ---------
CIVIL NEW COMPLAINT              333.00
---------------------------------------
TOTAL AMOUNT                    333.00
        Receipt# 27613607

1   Peter Strojnik,
2   7847 N. Central Ave.
    Phoenix, AZ 85020
3   Telephone: (602) 524-6602
    ps@strojnik.com
4

5            **MARICOPA COUNTY SUPERIOR COURT**

6                    **STATE OF ARIZONA**

7                                   Case No: CV2020-050551

8
    PETER STROJNIK,                      **COMPLAINT**
9
                            Plaintiff,   **1. Americans with Disabilities**
10                                          **Act**
11                                       **2. Negligence**

12                 vs.

13  NEW CRESCENT INVESTMENTS, LLC
    dba SHERATON CRESCENT PHOENIX
14
                            Defendant.
15

16  1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42
17     U.S.C. §12101 *et seq.* and implementing regulations and (2) negligence. This action
18     is not brought pursuant to A.R.S. §41-2492.08.
19

20                          **PARTIES**

21  2. Plaintiff is a 67 year old retired individual residing in Phoenix, Arizona.

22  3. Plaintiff is a disabled veteran as defined by the 2008 ADA Amendment act and 28
23     CFR 36.105. Plaintiff is and, at all times relevant hereto has been, legally disabled by
24     virtue of a severe right-sided neural foraminal stenosis and femoral neuropathy,
25     prostate cancer and renal cancer, missing right knee replaced with a prosthesis and is
26     therefore a member of a protected class under the ADA.

27  4. Defendant, owns, operates leases or leases to a business at 2620 West Dunlap Ave.,
28     Phoenix, AZ 85020 which is a public accommodation ("Facility").

1
2                          **JURISDICTION AND VENUE**
3    5. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-
4       123. Venue is proper pursuant to A.R.S. § 12-401.
5    6. Plaintiff brings this action as a private attorney general who has been personally
6       subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28
7       CFR §36.501.
8    7. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,*
        Plaintiff's claim for equitable nominal damages.
9
8. The ADA violations in this Complaint relate to barriers to Plaintiffs mobility. This
10      impairs Plaintiff's full and equal access to the Facility which, in turn, constitutes
11      discrimination.
12   9. Plaintiff is deterred from visiting the Facility based on Plaintiff's knowledge that the
13      Facility is not ADA compliant as such compliance relates to Plaintiff's disability.
14                                **COUNT I**
                       **Violation of Civil Rights Under the ADA**
15
16   10. Plaintiff realleges all allegations heretofore set forth.
17   11. By virtue of his disability, Plaintiff requires an ADA compliant Facility particularly
18      applicable to his mobility, both ambulatory and wheelchair assisted.
19   12. Plaintiff visited Defendant's Facility on or about January 8, 2020 and encountered
20      barriers to accessibility pictorially documented in Addendum A; the pictorial
        documentation of the barriers relate to Plaintiff's disability and deny him full and
21      equal enjoyment of the Facility.
22
13. The removal of accessibility barriers listed above is readily achievable.
23
14. As a direct and proximate result of ADA Violations, Defendant's failure to remove
24      accessibility barriers prevented Plaintiff from full and equal access to the Defendant's
25      public accommodation.
26                                **COUNT II**
                       Common Law Negligence and Negligence per se
27
28   15. Plaintiff realleges all allegations heretofore set forth.

16. Defendant owed Plaintiff a statutory duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the Facility.

17. Defendant breached this duty.

18. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in an amount to be proven at trial but in no event less than $25,000.00.

19. The ADA was enacted for the protection of persons with disabilities, including mobility related disabilities.

20. The ADA was enacted for the protection against the type of harm that resulted to Plaintiff.

21. Defendant's knowing and intentional discrimination against Plaintiff as described in 42 U.S.C. §12101(a)(1)-(b) and generally pursuant the ADA and 28 CFR 36 caused Plaintiff damage in the following non-exclusive fashions:

   A. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

   B. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

   C. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

   D. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and caused him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

22. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

23. The Facility has been subject to a previous ADA lawsuit in the U.S. District Court for the State of Arizona styled *Gastelum v. New Crescent Investments, LLC* under cause no. 2:17-cv-02560-JAT but has failed to remediate ADA violations to date.

24. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

25. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

26. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, actions and inactions, which shall be no less than $50,000.00.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against Defendant as to each and every cause of action, including:

A. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design; and

B. Irrespective of Defendant's "voluntary cessation" of the ADA violations, if applicable, a permanent injunction which directs Defendant to take all steps necessary to bring its Facility into full compliance with the ADA so that the Facility becomes fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

C. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

D. For damages in an amount that accurately reflects reasonable compensation for damages sustained but in no event less than $25,000.00; and

E. For punitive damages in an amount to sufficient to deter Defendant and others similarly situated from violations described above; and

F. The provision of whatever other relief the Court deems just, equitable and appropriate.

G. An order for injunctive relief requiring Defendant to conduct a corrective advertising campaign; and

H. An order awarding attorneys' fees, costs and expenses pursuant to the ADA; and

I. Punitive damages in the amount of no less than $50,000.00; and

J. Interest at the highest rate allowable by law; and

K. For equitable nominal damages.

## JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so triable.

**DATED** this 22nd day of January 2020.

**PETER STROJNIK**

Peter Strojnik

# ADDENDUM A

## PERSONAL BARRIER ECOUNTERS



Walking surface from street too steep (403)



Walking surface from street too steep (403) (Other side)



No curb ramp on accessible route (405)



Uneven surface from street (403) with no ramp

Improper signage height (502)



Cross slope in accessible parking too steep (502)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Accessible parking longitudinal slope too steep (502) |  |
| | Curb ramp too steep (405) |
|  |  |
| No curb ramp on accessible route (406) | Inaccessible check in counter (904) |
|  |  |
| | Improper hardware (404) |



Access area to pool seat too steep
(1009.2.1)

Pool access hardware too high

Inaccessible route with no signage

Improperly configured handrails (505)

Inaccessible bar (206-902)

 

| Inaccessible upper seating area (206) | Inaccessible business counter (904) |

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about January 8, 2020.

**END**

**END**

EXHIBIT "B"

CLERK OF THE
SUPERIOR COURT
RECEIVED DOC #4
~~~~~~~~~~~~~~~~~

20 FEB -3  PM 12: 09

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

**Peter Strojnik**

        Plaintiff,

  vs.

**New Crescent Investments, LLCC dba
Sheraton Crescent Phoenix**

        Defendant.

Case Number: CV2020-050551

**AFFIDAVIT OF SERVICE**

FILED BY _Ssunfost_

Received these papers to be served on **New Crescent Investments, LLC dba Sheraton Crescent Phoenix, 16044 N. 106th Way, Scottsdale, AZ 85255.**

I, Tim Meyer, being duly sworn, depose and say that on the **27th day of January, 2020** at **7:34 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons; Complaint; Certificate Of Compulsory Arbitration; Discovery Request To Defendant Set 1; Verified Rule 26.1 Initial Disclosure** with the date and hour of service endorsed thereon by me, to: **Nicola John Agostinelli as Statutory Agent** at the address of: **16044 N. 106th Way, Scottsdale, AZ 85255**, who stated they are authorized to accept service for **New Crescent Investments, LLC dba Sheraton**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 28th day of January, 2020 by the affiant who is personally known to me.

_Angelita Zuniga_
NOTARY PUBLIC

**Tim Meyer**
MC#8479 EXP. 12/12/2022

Our Job Serial Number: MYR-2020000040

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

ANGELITA ZUNIGA
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 555798
MY COMMISSION EXPIRES
DECEMBER 5th, 2022

# EXHIBIT "C"


Civil Court Case Information - Case History

Select Language

Powered by Google Translate

# Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-050551 | Judge: | Campagnolo, Theodore |
| File Date: | 1/23/2020 | Location: | Northeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Peter Strojnik | Plaintiff | Male | Pro Per |
| New Crescent Investments L L C | Defendant | | Lindsay Leavitt |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 2/11/2020 | NAR - Notice Of Appearance | 2/13/2020 | |
| **NOTE:** Notice of Appearance | | | |
| 2/3/2020 | AFS - Affidavit Of Service | 2/6/2020 | |
| **NOTE:** NEW CRESCENT INVESTMENTS LLC | | | |
| 2/3/2020 | SUM - Summons | 2/6/2020 | Plaintiff(1) |
| 1/23/2020 | COM - Complaint | 1/27/2020 | Plaintiff(1) |
| 1/23/2020 | CCN - Cert Arbitration - Not Subject | 1/27/2020 | Plaintiff(1) |
| 1/23/2020 | CSH - Coversheet | 1/27/2020 | Plaintiff(1) |
| 1/23/2020 | REQ - Request | 1/27/2020 | Plaintiff(1) |
| **NOTE:** DISCOVERY / TO DEFENDANT SET 1 | | | |
| 1/23/2020 | NOT - Notice | 1/27/2020 | Plaintiff(1) |
| **NOTE:** VERIFIED RULE 26.1 INITIAL DISCLOSURE | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

# EXHIBIT "1"

1

2

3

4

Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone: (602) 524-6602
ps@strojnik.com

CLERK OF THE SUPERIOR COURT
FILED
01/23/2020 8:04 AM
M. VALENTE , Deputy

5

6

**MARICOPA COUNTY SUPERIOR COURT**

**STATE OF ARIZONA**

7

8

9

10

11

12

13

PETER STROJNIK,

                          Plaintiff,

vs.

NEW CRESCENT INVESTMENTS, LLC
dba SHERATON CRESCENT PHOENIX

                          Defendant.

Case No: CV 2020-050551

**VERIFIED RULE 26.1 INITIAL
DISCLOSURE**

14

15

16

Plaintiff makes the following initial disclosures under the penalty of perjury to the best of his knowledge, information and belief.

17

18

**(a) DISCLOSURE CATEGORIES:**

   **(1) The factual basis of each of Plaintiff's claims or defenses:**

19

20

21

22

   **ADA:** Plaintiff is disabled as defined in the 2008 ADA Amendment Act and 28 CFR 36.105. Plaintiff visited Defendant's Facility as stated in the Complaint and personally experienced barriers to accessibility referenced in Addendum A to the Complaint. Plaintiff's claim is based on (1) Americans with Disabilities Act, (2) 2008 ADA Amendment Act, (3) 28 CFR 36 and 2010 Standards for Accessibility Design.

23

24

   **Negligence:** Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation. Defendant breached this duty causing damages.

25

26

27

28

   **Punitive Damages:** The ADA is a civil rights legislation enacted for the protection of persons with disabilities such as Plaintiff. This protection is accorded the same weight as the protection against discrimination on the basis of race, color, sex, national origin, religion, or age. *See* 42 U.S.C. §12101 (a) and (b). Knowing and intentional violation of Plaintiff's civil rights requires the imposition of punitive damages as more fully developed below.

1

2   **(2) The legal theories on which each of the disclosing party's claims or defenses is based, including--if necessary for a reasonable understanding of the claim or defense--citations to relevant legal authorities:**

3

4   **ADA:** (1) Americans with Disabilities Act, (2) 2008 ADA Amendment Act, (3) 28 CFR 36 and 2010 Standards for Accessibility Design.

5   **Negligence: Common Law:** Duty, breach, causal nexus and damages. **Per Se:** The ADA was enacted for the protection of persons with disabilities, including mobility related disabilities. The ADA was enacted for the protection against the type of harm that resulted to Plaintiff.

6

7

8   **Punitive Damages:** The ADA is a civil rights legislation enacted for the protection of persons with disabilities.

9

10   The purpose of punitive damages has never been limited to punishment. At their inception, such damages were awarded "not only as a satisfaction to the injured person, but likewise as a punishment to the guilty, to deter any such proceeding for the future, and as proof of the detestation of the jury to the action itself." *Wilkes v. Wood,* 98 Eng.Rep. 489 (C.P.1763). Punitive damages have always served to set an example; hence, the terms "punitive" and "exemplary" are used interchangeably in our law. *See, e.g., Linthicum v. Nationwide Life Ins. Co.,* 150 Ariz. 326, 330, 723 P.2d 675, 679 (1986); 22 Am.Jur.2d *Damages* § 731 (1988).

11

12

13

14

15

16   Punishment, societal condemnation, deterrence, and public policy have been recognized in Arizona as valid grounds for assessing punitive damages . *See, e.g., Wyatt v. Wehmueller,* 167 Ariz. 281, 285, 806 P.2d 870, 874 (1991) (stating that such awards "punish reprehensible conduct") (citation omitted); *Hawkins v. Allstate Ins. Co.,* 152 Ariz. 490, 497, 733 P.2d 1073, 1080 (1987) (finding that exemplary damages are designed "to express society's disapproval of outrageous conduct and to deter such conduct by the defendant and others in the future"); *Linthicum,* 150 Ariz. at 330, 723 P.2d at 679 (stating that such damages are "to punish the wrongdoer and to deter others from emulating his conduct"); *Acheson v. Shafter,* 107 Ariz. 576, 578, 490 P.2d 832, 834 (1971) (declaring that "[p]unitive damages are allowed on grounds of public policy").

17

18

19

20

21

22

23

24   It is the public policy of this State to not discriminate against the civil rights of any person. *See, e.g.,* Arizona Civil Rights Act and the ADA. *Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 710 P.2d 1025 (1985). (Public policy is embodied in or arises out of a statute.)

25

26

27

28   **(3) The name, address, and telephone number of each witness whom the disclosing party expects to call at trial, and a description of the substance--and not merely**

the subject matter--of the testimony sufficient to fairly inform the other parties of each witness' expected testimony:

Plaintiff
Defendant and its Principals, Agents and Employees

(4) **The name and address of each person whom the disclosing party believes may have knowledge or information relevant to the subject matter of the action, and a fair description of the nature of the knowledge or information each such person is believed to possess:**

None other than disclosed.

(5) **The name and address of each person who has given a statement--as defined in Rule 26(b)(3)(C)(i) and (ii)--relevant to the subject matter of the action, and the custodian of each of those statements:**

None.

(6) **The anticipated subject areas of expert testimony:**

Whether Defendant's Facility violates the ADA

(7) **A computation and measure of each category of damages alleged by the disclosing party, the documents and testimony on which such computation and measure are based, and the name, address, and telephone number of each witness whom the disclosing party expects to call at trial to testify on damages:**

**Actual Damages:** General damages for pain and suffering, stress, and emotional caused by Defendants. Amount sought: $25,000. Plaintiff will testify.

**Nominal Equitable Damages:** $1. Plaintiff will testify.

**Punitive Damages:** Sufficient to deter this and other public accommodation from violating civil rights and segregating disabled individuals. Amount sought: $50,000.00.

(8) **The existence, location, custodian, and general description of any tangible evidence, documents, or electronically stored information that the disclosing party plans to use at trial, including any material to be used for impeachment:**

None.

(9) **The existence, location, custodian, and general description of any tangible evidence, documents, or electronically stored information that may be relevant to the subject matter of the action:**

See Pre-Filing Due Diligence Report appended to Complaint as Addendum A.

**(10)      For any insurance policy...**

NA

**(b) DISCLOSURE OF HARD-COPY DOCUMENTS:** Pre-Filing Due Diligence Repot appended to Complaint as Addendum A.

**(c) DISCLOSURE OF ELECTRONICALLY STORED INFORMATION:** Photographs of Defendant's facility are included in the Pre-Filing Due Diligence Report.

**(d) DISCLOSURE OF EXPERT TESTIMONY:** Plaintiff will testify as ADA expert:

(A) **the expert's name, address, and qualifications:** Peter Strojnik, 7847 N. Central Ave., Phoenix, Arizona 85020, qualified as an expert by knowledge, skill, experience, training, and education.

(B) **the subject matter on which the expert is expected to testify:** ADA, 2008 ADA Amendment Act, 28 CFR 36, 2010 Standards of Accessibility Design.

(C) **the substance of the facts and opinions to which the expert is expected to testify:** Defendant violated the ADA.

(D) **a summary of the grounds for each opinion:** Pre-Filing Due Diligence Report, ADA, 2008 ADA Amendment Act, 28 CFR 36 and 2010 Standards for Accessibility Design.

(E) **a statement of the compensation to be paid for the expert's work and testimony in the case:** None.

(F) **list of all other cases in which, during the previous 4 years, the witness testified as an expert at a hearing or trial:** None.

I declare under the penalty of perjury that the above is true and correct to the best of my knowledge, information and belief.

DATED this 22<sup>nd</sup> day of January, 2020.

**PETER STROJNIK**

_____

Peter Strojnik

# EXHIBIT "2"

```
ORIGINAL
```

CLERK OF THE
SUPERIOR COURT
RECEIVED DOC #4

20 FEB -3 PM 12: 09

FILED BY _____

Person Filing: PETER STROJNIK
Address (if not protected): 7847 N. CENTRAL AVE
City, State, Zip Code: PHOENIX, ARIZONA 85020
Telephone: 602-524-6602
Email Address: PS@strojnik.com
Lawyer's Bar Number: _____

Representing [X] Self, without a Lawyer  or  [ ] Attorney for  [ ] Plaintiff   OR  [ ] Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

PETER STROJNIK
_____
Name of Plaintiff

And

NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX
_____
Name of Defendant

Case No.: **CV2020-050551**

## SUMMONS

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

> **WARNING: This is an official document from the court that affects your rights. Read this carefully.
> If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:** NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX
_____
Name of Defendant

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

    *   **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**

    *   **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**

    *   **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR**

    *   **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

    Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 010119



Case Number: _____

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from Clerk of the Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

JEFF FINE, CLERK

SIGNED AND SEALED this date   JAN 23 2020

_____
CLERK OF SUPERIOR COURT

By_____
Deputy Clerk

M. Valiente

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f  010119

# EXHIBIT "3"

JEFF FINE
Clerk of the Superior Court
By Nolichia Vallente, Deputy
Date 01/23/2020 Time 08:05:59
Description                    Amount
-------- CASE# CV2020-050551 --------
CIVIL NEW COMPLAINT             333.00

TOTAL AMOUNT                    333.00
            Receipt# 27613607

1    Peter Strojnik,
2    7847 N. Central Ave.
     Phoenix, AZ 85020
3    Telephone: (602) 524-6602
     ps@strojnik.com
4

5                **MARICOPA COUNTY SUPERIOR COURT**

6                      **STATE OF ARIZONA**

7                                        Case No: CV2020-050551
8
     PETER STROJNIK,                          **COMPLAINT**
9
                              Plaintiff,   **1. Americans with Disabilities**
10                                            **Act**
                                           **2. Negligence**
11
12                     vs.

13   NEW CRESCENT INVESTMENTS, LLC
     dba SHERATON CRESCENT PHOENIX
14
15                           Defendant.

16   1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42
17      U.S.C. §12101 *et seq.* and implementing regulations and (2) negligence. This action
18      is not brought pursuant to A.R.S. §41-2492.08.

19

20                            **PARTIES**

21   2. Plaintiff is a 67 year old retired individual residing in Phoenix, Arizona.

22   3. Plaintiff is a disabled veteran as defined by the 2008 ADA Amendment act and 28

23      CFR 36.105. Plaintiff is and, at all times relevant hereto has been, legally disabled by

24      virtue of a severe right-sided neural foraminal stenosis and femoral neuropathy,

25      prostate cancer and renal cancer, missing right knee replaced with a prosthesis and is

26      therefore a member of a protected class under the ADA.

27   4. Defendant, owns, operates leases or leases to a business at 2620 West Dunlap Ave.,

28      Phoenix, AZ 85020 which is a public accommodation ("Facility").

**JURISDICTION AND VENUE**

5. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

6. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

7. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

8. The ADA violations in this Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Facility which, in turn, constitutes discrimination.

9. Plaintiff is deterred from visiting the Facility based on Plaintiff's knowledge that the Facility is not ADA compliant as such compliance relates to Plaintiff's disability.

<div align="center">

**COUNT I**
**Violation of Civil Rights Under the ADA**

</div>

10. Plaintiff realleges all allegations heretofore set forth.

11. By virtue of his disability, Plaintiff requires an ADA compliant Facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

12. Plaintiff visited Defendant's Facility on or about January 8, 2020 and encountered barriers to accessibility pictorially documented in Addendum A; the pictorial documentation of the barriers relate to Plaintiff's disability and deny him full and equal enjoyment of the Facility.

13. The removal of accessibility barriers listed above is readily achievable.

14. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from full and equal access to the Defendant's public accommodation.

<div align="center">

**COUNT II**
Common Law Negligence and Negligence per se

</div>

15. Plaintiff realleges all allegations heretofore set forth.

16. Defendant owed Plaintiff a statutory duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the Facility.

17. Defendant breached this duty.

18. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in an amount to be proven at trial but in no event less than $25,000.00.

19. The ADA was enacted for the protection of persons with disabilities, including mobility related disabilities.

20. The ADA was enacted for the protection against the type of harm that resulted to Plaintiff.

21. Defendant's knowing and intentional discrimination against Plaintiff as described in 42 U.S.C. §12101(a)(1)-(b) and generally pursuant the ADA and 28 CFR 36 caused Plaintiff damage in the following non-exclusive fashions:

A. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

B. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

C. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

D. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and caused him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

22. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

23. The Facility has been subject to a previous ADA lawsuit in the U.S. District Court for the State of Arizona styled *Gastelum v. New Crescent Investments, LLC* under cause no. 2:17-cv-02560-JAT but has failed to remediate ADA violations to date.

24. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

25. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

26. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, actions and inactions, which shall be no less than $50,000.00.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against Defendant as to each and every cause of action, including:

A. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design; and

B. Irrespective of Defendant's "voluntary cessation" of the ADA violations, if applicable, a permanent injunction which directs Defendant to take all steps necessary to bring its Facility into full compliance with the ADA so that the Facility becomes fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

C. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

D. For damages in an amount that accurately reflects reasonable compensation for damages sustained but in no event less than $25,000.00; and

E. For punitive damages in an amount to sufficient to deter Defendant and others similarly situated from violations described above; and

F. The provision of whatever other relief the Court deems just, equitable and appropriate.

G. An order for injunctive relief requiring Defendant to conduct a corrective advertising campaign; and

H. An order awarding attorneys' fees, costs and expenses pursuant to the ADA; and

I. Punitive damages in the amount of no less than $50,000.00; and

J. Interest at the highest rate allowable by law; and

K. For equitable nominal damages.

## JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so triable.

   **DATED** this 22nd day of January 2020.


                               PETER STROJNIK

                               Peter Strojnik

1

## ADDENDUM A

2

### PERSONAL BARRIER ECOUNTERS







Walking surface from street too steep (403)

Walking surface from street too steep (403) (Other side)







No curb ramp on accessible route (405)

Uneven surface from street (403) with no ramp



Improper signage height (502)

Cross slope in accessible parking too steep (502)

| Accessible parking longitudinal slope too steep (502) |  |
|---|---|
| | Curb ramp too steep (405) |
|  No curb ramp on accessible route (406) |  Inaccessible check in counter (904) |
|  |  Improper hardware (404) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Access area to pool seat too steep
(1009.2.1)

Pool access hardware too high

Inaccessible route with no signage

Improperly configured handrails (505)

Inaccessible bar (206-902)

| Inaccessible upper seating area (206) | Inaccessible business counter (904) |

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about January 8, 2020.

END

END

# EXHIBIT "4"

CLERK OF THE
SUPERIOR COURT
FILED
M. VALLENTE, DEP

2020 JAN 23  AM 8: 04

1  Peter Strojnik,
2  7847 N. Central Ave.
   Phoenix, AZ 85020
3  Telephone:  (602) 524-6602
   ps@strojnik.com
4

5  **MARICOPA COUNTY SUPERIOR COURT**

6  **STATE OF ARIZONA**

7  |                                                   | Case No:  CV2020-050551        |

8  PETER STROJNIK,                                     **CERTIFICATE OF**
9                                                      **COMPULSORY**
                                        Plaintiff,     **ARBITRATION**
10

11
                            vs.
12

13  NEW CRESCENT INVESTMENTS, LLC
    dba SHERATON CRESCENT PHOENIX
14

15                                      Defendant.

16     I certify that the above cause is not subject to compulsory arbitration pursuant to

17  Rules 72-77 of the Rules of Civil Procedure.

18
       **DATED** this 22nd day of January 2020.
19

20

21                                    PETER STROJNIK

22                                    _____
                                      Peter Strojnik
23

24

25

26

27

28

# EXHIBIT "5"

**In the Superior Court of the State of Arizona**

Ir

# CV2020-050551

C

## CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney PRO SE _____

Attorney Bar Number _____

Is Interpreter Needed?  ☐ Yes  ☒ No

If yes, what language(s):

_____

_____

CLERK OF THE SUPERIOR COURT
FILED
M. VALLENTE, DEP
2020 JAN 23  AM 8:03

Plaintiff's Name(s): (List all)   Plaintiff's Address:        Phone #:      Email Address:
PETER STROJNIK, 7847 N. CENTRAL AVE, PHOENIX, AZ 85020 602-524-6602 PS@STROJNIK.COM

_____

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX

_____

(List additional Defendants on page two and/or attach a separate sheet)

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an **"X"** next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☒ Amount Claimed $ 75,000    ☐ Tier 1   ☒ Tier 2   ☐ Tier 3

### NATURE OF ACTION

Place an **"X"** next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*
☐ 103 Wrongful Death*

Case No._____

## 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence*
☐ 112 Product Liability – Asbestos*
☐ 112 Product Liability – Tobacco*
☐ 112 Product Liability – Toxic/Other*
☐ 113 Intentional Tort*
☐ 114 Property Damage*
☐ 115 Legal Malpractice*
☐ 115 Malpractice – Other professional*
☐ 117 Premises Liability*
☐ 118 Slander/Libel/Defamation*
☐ 116 Other (Specify) _____*

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*          ☐ 123 Hospital*
☐ 122 Physician D.O*           ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*
☐ 132 Promissory Note*
☐ 133 Foreclosure*
☐ 138 Buyer-Plaintiff*
☐ 139 Fraud*
☐ 134 Other Contract (i.e. Breach of Contract)*
☐ 135 Excess Proceeds-Sale*
☐ Construction Defects (Residential/Commercial)*
    ☐ 136 Six to Nineteen Structures*
    ☐ 137 Twenty or More Structures*
☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*
☐ 151 Eviction Actions (Forcible and Special Detainers)*
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment

☐ 158 Quiet Title*
☐ 160 Forfeiture*
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)*
☐ 187 Real Property *
☐ Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute – Other*
☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)*
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only*
☐ 177 Interpleader– Automobile Only*
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*           ☒ 163 Other*
☐ 196 Verified Rule 45.2 Petition                CIVIL RIGHTS
☐ 195(a) Amendment of Marriage License          (Specify)
☐ 195(b) Amendment of Birth Certificate

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge

☐ Employer Sanction    ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

      https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

# EXHIBIT "6"

CLERK OF THE
SUPERIOR COURT
FILED
M. VALLENTE, DEP

Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone:  (602) 524-6602
ps@strojnik.com

2020 JAN 23  AM 8: 04

### MARICOPA COUNTY SUPERIOR COURT

### STATE OF ARIZONA

CV2020-050551

Case No:

| | |
|---|---|
| PETER STROJNIK, | **DISCOVERY REQUEST TO DEFENDANT SET 1** |
| Plaintiff, | |
| vs. | |
| NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX | |
| Defendant. | |

**TO: DEFENDANT AND ITS LAWYERS:** Please respond to the below discovery requests pursuant to Arizona Rules of Civil Procedure.

### INSTRUCTIONS

1. REVIEW THE ENTIRETY OF THIS DISCOVERY REQUEST UPON RECEIPT. IF YOU FIND ANY DISCOVERY REQUEST UNCLEAR, AMBIGUOUS OR YOU OTHERWISE DO NOT FULLY UNDERSTAND IT, YOU MUST LET THE UNDERSIGNED KNOW RIGHT AWAY SO HE CAN MAKE ANY  UNCLEAR, AMBIGUOUS OR OTHERWISE NOT UNDERSTOOD REQUESTS CLEAR, UNAMBIGUOUS AND UNDERSTANDABLE.

2. IF YOU HAVE ANY OTHER OBJECTION, YOU MUST  LET THE UNDERSIGNED KNOW SO THAT ALL OBJECTIONS MAY BE DEALT WITH WITHOUT DELAY.

3. ALL DEFINED TERMS ARE CAPITALIZED.

///

///

# DEFINITIONS

"ADA" means the Americans with Disabilities Act, the 2008 ADA Amendment Act, 28 CFR 36, 2010 Standards for Accessibility Design and ADA Accessibility Guidelines.

"Document" means writings, recordings and photographs as these terms are defined in Rule 1001 of the Ariz. R. Evid.

"Describe" means to disclose the (i) facts and events relative to the matter to be described, (ii) Identify Persons involved in the facts and events relative to the matter to be described and (iii) the dates of facts and events.

"Facility" means the public accommodation which is the subject matter of Plaintiff's Complaint.

"Identify" means to state the name, address and telephone number.

"Person" includes entity.

"Readily Achievable" has the meaning defined in 28 CFR 36.104.

"You" means the Defendant, its principals, equity holders, agents and employees.

**REQUEST TO ADMIT 1:**

Admit that Your Facility is not ADA compliant[1].

ADMIT_____     DENY_____

**REQUEST TO ADMIT 2:** Admit that the photographs in the Pre-Filing Due Diligence Report appended to the Complaint as Addendum A accurately depict the condition at the Facility on the date specified in the Pre-Filing Due Diligence Report.

ADMIT_____     DENY_____

**REQUEST TO ADMIT 3:** Please admit that as of the filing of the Complaint in this matter, You did not have any policies, practices or procedures as required by 28 CFR 36.302.

---

[1] For guidance relating to the propriety of discovery of the entirety of Defendant's ADA compliance, please see *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)

2

ADMIT_____     DENY_____

**INTERROGATORY 1:** If You failed to admit Request for Admission 3, please state the precise policies, practices and procedures referenced therein.

**REQUEST TO PRODUCE 1:** If You failed to admit Request for Admission 3, please produce all Documents containing or referencing such policies, practice and procedures.

**REQUEST TO ADMIT 4:** Admit that the removal of all accessibility barriers at Your Facility is readily achievable.

ADMIT_____     DENY_____

**INTERROGATORY 2:** If You denied the preceding Request to Admit 4, please provide all information contained in 28 CFR 36.104 under the definition of "readily achievable".

**INTERROGATORY 3:** With respect to each denial in Your Answer of a corresponding Plaintiff's allegation, whether for lack of information or otherwise, please state the factual and legal bases for Your denial.

**INTERROGATORY 4:** With respect to each defense in Your Answer, please state the factual and legal bases therefore.

**REQUEST TO PRODUCE 2:** Please produce any and all Documents relating to (1) Your denial of any of Plaintiff's allegations and (2) Your affirmative defenses raised in Your Answer.

**INTERROGATORY 5:** Please state the date, time and scope of any ADA investigation of Your Facility and Identify each Person involved in the investigation.

1

2   **REQUEST TO PRODUCE 4**:   Please produce all Documents relating to Your investigation(s) referenced in Interrogatory 5. This request includes all third-party

3   investigations, expert reports and all notes and memoranda regarding same.

4   **INTERROGATORY 6:** Please Describe all prior ADA complaints, notices, administrative actions and/or litigation matters relating to the Facility.

5

6   **REQUEST TO PRODUCE 5:** Produce any and all Documents relative to any resolution of the ADA complaints, notices, administrative actions and/or litigation matters, including

7   without limitation any settlement agreements, remediation plans, remediation contracts and remediation costs incurred.

8

9           RESPECTFULLY SUBMITTED this 22$^{nd}$ day of January 2020.

10

11                              PETER STROJNIK

12                              Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "7"

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #4
~~~~~~~~~~~~~ RY

20 FEB -3 PM 12: 09

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

Peter Strojnik

                  Plaintiff,

vs.

New Crescent Investments, LLCC dba
Sheraton Crescent Phoenix

                  Defendant.

Case Number: CV2020-050551

**AFFIDAVIT OF SERVICE**

FILED BY _SSuFert_____

Received these papers to be served on **New Crescent Investments, LLC dba Sheraton Crescent Phoenix, 16044 N. 106th Way, Scottsdale, AZ 85255**.

I, Tim Meyer, being duly sworn, depose and say that on the **27th day of January, 2020** at **7:34 pm**, I:

served an **AUTHORIZED** entity by delivering a true copy of the **Summons; Complaint; Certificate Of Compulsory Arbitration; Discovery Request To Defendant Set 1; Verified Rule 26.1 Initial Disclosure** with the date and hour of service endorsed thereon by me, to: **Nicola John Agostinelli as Statutory Agent** at the address of: **16044 N. 106th Way, Scottsdale, AZ 85255**, who stated they are authorized to accept service for **New Crescent Investments, LLC dba Sheraton**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 28th day
of January, 2020 by the affiant who is personally
known to me.

NOTARY PUBLIC

Tim Meyer
MC#8479 EXP. 12/12/2022

Our Job Serial Number: MYR-2020000040



ANGELITA ZUNIGA
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 555798
MY COMMISSION EXPIRES
DECEMBER 8th, 2022

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

# EXHIBIT "8"

Clerk of the Superior Court
*** Electronically Filed ***
M. Cain, Deputy
2/11/2020 2:02:00 PM
Filing ID 11369235

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON,
P.L.C.**
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com
Law Firm Identification No. 0027500

*Attorneys for New Crescent Investments, LLC*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>v.<br><br>NEW CRESCENT INVESTMENTS, LLC, dba SHERATON CRESCENT PHOENIX,<br><br>Defendant. | CV2020-050551<br><br>**NOTICE OF APPEARANCE** |

PLEASE TAKE NOTICE that Lindsay G. Leavitt of the law firm of Jennings, Strouss & Salmon, P.L.C., hereby appears as an attorney of record on behalf of Defendant New Crescent Investments, LLC d/b/a Sheraton Crescent Phoenix in the above-captioned matter.

RESPECTFULLY SUBMITTED 11th day of February, 2019.

**JENNINGS, STROUSS & SALMON, PLC**


By:____/s/  Lindsay G. Leavitt_____
Lindsay G. Leavitt
One E. Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
*Attorneys for Defendant*

1

Original of the foregoing E-filed via
Turbo Court with the Clerk and a Copy
2

mailed on this 11th day of February,
3

2020, to:

4

Peter Strojnik
5

7847 N. Central Avenue
Phoenix, AZ 85020
6

*Pro Per*

7

   /s/  Tana Davis-Digeno

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

6966650v1(69171.1)

# EXHIBIT "D"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>          Plaintiff<br><br>vs.<br><br>New Crescent Investments, LLC, d/b/a<br>Sheraton Crescent Phoenix,<br><br>          Defendant. | No.<br><br>**VERIFICATION OF<br>LINDSAY G. LEAVITT FOR<br>NOTICE OF REMOVAL** |

I, Lindsay G. Leavitt, am the attorney for New Crescent Investments, LLC d/b/a Sheraton Crescent Phoenix, the Defendant in the action entitled *Peter Strojnik vs. New Crescent Investments, LLC d/b/a Sheraton Crescent Phoenix* filed in the Maricopa County Superior Court, Case No. CV2020-050551. I am authorized to make this verification on its behalf.

I have reviewed all the pleadings and documents filed in this action and the pleadings and documents attached as Exhibit A to the Notice of Removal are true and complete copies.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Lindsay G. Leavitt

6958355v1(69171.1)

# EXHIBIT "E"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

Attorneys for

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| PETER STROJNIK, | No. CV2020-050551 |
| Plaintiff, | |
| vs. | **NOTICE OF FILING REMOVAL** |
| NEW CRESCENT INVESTMENTS, LLC d/b/a SHERATON CRESCENT PHOENIX, | |
| Defendant. | |

**TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES TO THIS ACTION**

Please take notice that on February 14, 2020, Defendant New Crescent Investments, LLC d/b/a Sheraton Crescent Phoenix filed in the United States District Court for the District of Arizona a Notice of Removal to remove this action to that court.  A full and true copy of said Notice of Removal is herewith served on you for filing.

RESPECTFULLY SUBMITTED this 14th day of February, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By /s/ Lindsay G. Leavitt
Lindsay G. Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Defendants*

6958167v1(69171.1)

Original of the foregoing E-Filed with the
Clerk of the Court and a Copy of the
foregoing mailed on this 14th day of
February, 2020, to:

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020
*Pro Per*


*/s/ Tana Davis-Digeno*

2

6958167v1(69171.1)