Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone: (602) 524-6602
ps@strojnik.com

**MARICOPA COUNTY SUPERIOR COURT**

**STATE OF ARIZONA**

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX<br><br>Defendant. | Case No: 2:20-cv-00343-DWL<br><br>**FIRST AMENDED COMPLAINT**<br>**(FRCP 15(a)(1)(B)**<br><br>1. **Americans with Disabilities Act**<br>2. **Negligence**<br>3. **Common Law Fraud**<br>4. **Consumer Fraud** |

Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and implementing regulations and supplemental state law claims

**PARTIES**

1. Plaintiff is a 67 year old retired individual residing in Phoenix, Arizona.
2. Plaintiff is a disabled veteran as defined by the 2008 ADA Amendment act and 28 CFR 36.105. Plaintiff is and, at all times relevant hereto has been, legally disabled as more fully described below.
3. Defendant, owns, operates leases or leases to a business at 2620 West Dunlap Ave., Phoenix, AZ 85020 which is a public accommodation ("Facility").

**JURISDICTION AND VENUE**

4. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

5. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.
6. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.
7. Venue is proper pursuant to 28 U.S.C. § 1391.
8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.
9. The ADA violations in this Complaint relate to barriers to Plaintiff's mobility. This impairs Plaintiff's full and equal access to the Facility which, in turn, constitutes discrimination.
10. Plaintiff is deterred from visiting the Facility based on Plaintiff's knowledge that the Facility is not ADA compliant as such compliance relates to Plaintiff's disabilities.

### PLAINTIFF'S ADA DISABILITY AND RELATION TO MAJOR LIFE ACTIVITIES WITH REFERENCES TO 28 C.F.R. 36.105

11. Plaintiff claims disability status under 3 prongs of disability as defined in the 2008 ADAAA and 28 C.F.R. 36.105 as follows:

| ADA DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36.105 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | X | X | X | Major Bodily Function (normal cell growth, genitourinary, bladder reproductive) | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | X | X | X | Major Bodily Function (normal cell growth). | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |

| Impairment | | | | Major Life Activities | Regulation |
|---|---|---|---|---|---|
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | X | X | X | **Walking**, **standing**, **sitting**, **bending**, sleeping, **working** | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(d)(2)((iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| Degenerative Right Knee | X | X | X | **Walking**, **standing, sitting, bending**, sleeping, **working** | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(d)(2)((iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists To Reach And Twist | X | X | X | **Performing manual asks, sleeping, reaching, lifting, writing, working** | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(e)(1)(2)<br>(f)(1) |
| Pleurisy | X | X | X | **Performing manual asks, sleeping, walking, reaching, lifting, writing, working** | (c)(1)(i)<br>(d)(1)(iv)<br>(d))1)(v)<br>(d)(1)(vi)<br>(d)(2)((iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| As Described in Dr. Lee's 8/1/18 Report | X | X | X | **As described in Report** | (c)(1)(i)<br>(e)(1)(2)<br>(f)(1) |

**Table 1**

12. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff performs manual tasks, walks, stands, sleeps, reaches, lifts, writes, works and climbs stairs, inter alia, with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairments are constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

13. Plaintiff's disabilities are of lifetime duration.

3

14. Plaintiff's disability has been recognized the State of Arizona as indicated on the right.
15. As a consequence of Plaintiff's disability, Plaintiff requires places of public accommodation to be fully compliant with ADAAG, including 28 C.F.R. 36 and Standards for Accessibility Design as those guidelines relate to Plaintiff's ADA disabilities.
16. Plaintiff requires a truthful disclosure by booking websites of accessible and non-accessible features that do not comply with the ADAAG. *See* 28 CFR 36.302(e) comment.
17. Plaintiff also requires that booking websites provide a booking procedure for an accessible room that is the same as a booking procedure for a non-accessible room. 28 CFR 36.302(e)(1)(i).
18. Plaintiff's injuries in encountering accessibility barriers interfere with Plaintiff's full and equal enjoyment of a public accommodation.
19. Further as a result of Plaintiff's disability and the consequential entitlement to a mobility accessible room properly dispersed between various categories of rooms, Plaintiff enjoys the absolute right to proper dispersion of accessible rooms between various categories of rooms, *see* 2010 Standards at 224.5.

**DEFENDANT'S MOBILITY ACCESSIBILITY OBLIGATIONS**

20. Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12181-12189), as amended by the ADA Amendments Act of 2008 (ADA Amendments Act) (Pub. L. 110-325, 122 Stat. 3553 (2008)) (ADAAA), prohibits discrimination on the basis of disability by covered public accommodations and requires places of public accommodation and commercial facilities to be designed, constructed, and altered in

4

compliance with the accessibility standards established by 28 CFR 36 and the 2010 Standards for Accessibility Design (ADAAG).

### DEFENDANT'S 28 C.F.R. 36.302(e) OBLIGATIONS

21. Plaintiff alleges that the ADA applies to booking websites that "impede access to goods and services of … public accommodations"[1].

22. Defendant is required to maintain its booking website in compliance with 28 C.F.R. 36.302(e).

23. Defendant is also required to notify third party booking websites to include accessible and non-accessible features in enough detail to allow Plaintiff to assess for himself whether Defendant's place of lodging meets Plaintiff's disability needs.

### ALLEGATIONS COMMON TO ALL COUNTS

24. Defendant was previously sued for ADA violations in the U.S. District Court for the State of Arizona styled *Gastelum v. New Crescent Investments, LLC* under cause no. 2:17-cv-02560-JAT (*Gastelum*) but has failed to remediate ADA violations to date.

25. Defendant's booking website makes the following disclosures and representations:

| ACCESSIBILITY REPRESENTATION https://www.marriott.com/hotels/fact-sheet/travel/phxsi-sheraton-phoenix-crescent/#accessibility ||
|---|---|
| **Accessible Areas with Accessible Routes from Public Entrance** | **Accessible Hotel Features** |
| Business Center | Accessible Self-parking |
| Concierge desk | Meeting room(s) with assistive listening devices |
| Fitness Center | Self-parking facility, van-accessible spaces |
| Meeting spaces and ballrooms | Service animals are welcome |
| Pool accessible | Valet parking for vehicles outfitted for drivers in wheelchairs |
| Pool pathway | Elevators |
| Registration desk | |

---

[1] *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019), cert. denied, No. 18-1539, 2019 WL 4921438 (U.S. Oct. 7, 2019). *See also* 28 C.F.R. 302(e).

> **Guest Room Accessibility**
>
> Accessible guest rooms with 32" wide doorways
>
> Accessible route from public entrance to accessible guest rooms
>
> Alarm clock telephone ringers
>
> Bathroom grab bars
>
> Bathtub grab bars
>
> Bathtub seat
>
> Doors with lever handles
>
> Electrical outlets, lowered
>
> Hearing accessible rooms and/or kits
>
> Roll-in shower
>
> Shower wand, adjustable
>
> TTY/TTD available
>
> TV with close-captioning
>
> Toilet seat at wheelchair height
>
> Transfer shower
>
> Vanities, accessible

**Table 2**

26. In reliance on Defendant's disclosures and representations, Plaintiff visited the Facility on or about January 8, 2020.

27. Contrary to the disclosure and representations on its advertising and booking website, Plaintiff discovered the following ADA violations:

///

///

///

6

| | |
|---|---|
| **PERSONAL BARRIER ECOUNTERS** ||
| Walking surface from street too steep (403) | Walking surface from street too steep (403) (Other side) |
| No curb ramp on accessible route (405) | Uneven surface from street (403) with no ramp |

7




Improper signage height (502)



Cross slope in accessible parking too steep (502)





| | |
|---|---|
| Accessible parking longitudinal slope too steep (502) | <br>Curb ramp too steep (405) |
| <br>No curb ramp on accessible route (406) | Inaccessible check in counter (904) |
|  | <br>Improper hardware (404) |

9

| | |
|---|---|
|  Access area to pool seat too steep (1009.2.1) | |
|  Pool access hardware too high |  Inaccessible route with no signage |
|  Improperly configured handrails (505) |  Inaccessible bar (206-902) |

10

|  |  |
|---|---|
| Inaccessible upper seating area (206) | Inaccessible business counter (904) |

**Table 3**

28. The ADA violations at the Facility substantially limited Plaintiff's ability to negotiate the barriers[2].

29. While Plaintiff's impairments need not prevent or significantly or severely restrict Plaintiff from negotiating the barriers, they nonetheless caused Plaintiff physical pain and discomfort for reasons stated in Table 1 above[3].

## COUNT I
### Violation of Civil Rights Under the ADA

30. Plaintiff realleges all allegations heretofore set forth.

31. By virtue of his disability, Plaintiff requires an ADA compliant Facility particularly applicable to his mobility and a truthful and accurate description of its accessible and inaccessible elements.

32. Defendant violated the ADA by failing to provide truthful information regarding its Facility in violation of 28 C.F.R. 36.302(e) as noted in Table 2.

33. Plaintiff visited Defendant's Facility on or about January 8, 2020 and encountered barriers to accessibility pictorially documented in Table 3; the pictorial

---

[2] 28 C.F.R. 36.105(d)

[3] 28 C..F..R. 105(d)(1)(v)

11

   documentation of the barriers relate to Plaintiff's disability and deny him full and equal enjoyment of the Facility.

34. The removal of accessibility barriers listed above is readily achievable.

35. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from full and equal access to the Defendant's public accommodation.

### COUNT II
### Common Law Negligence and Negligence Per Se

36. Plaintiff realleges all allegations heretofore set forth.

37. The purpose of the ADA is to permit individuals with disabilities to fully participate in all aspects of society, but that people with physical or mental disabilities are frequently precluded from doing so because of prejudice, antiquated attitudes, or the failure to remove societal and institutional barriers[4].

38. 28 C.F.R. 36.201(a) provides:

   (a) *Prohibition of discrimination.* No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation.

39. Defendant violated 28 C.F.R. 36.201(a) by maintaining its Facility in a manner that permitted the general population to access the facility without physical pain while causing physical pain to Plaintiff.

40. The intent of the ADA protect Plaintiff and others similarly situated from experiencing physical pain while accessing the Facility.

41. Defendant owed Plaintiff a statutory duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the Facility.

42. Defendant breached this duty.

43. Plaintiff suffered physical pain while negotiating accessibility barriers that relate to Plaintiff's impairments.

---

[4]2008 ADAAA at §2(a)(2)

12

44. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in an amount to be proven at trial but in no event less than $25,000.00.
45. The ADA was enacted for the protection of persons with disabilities, including mobility related disabilities.
46. The ADA was enacted for the protection against the type of physical harm that resulted to Plaintiff.
47. Defendant's knowing and intentional discrimination against Plaintiff as described in 42 U.S.C. §12101(a)(1)-(b) and generally pursuant the ADA and 28 CFR 36 caused Plaintiff damage in the following non-exclusive fashions:
    A. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff both physical injuries and emotional damage[5].
    B. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.
    C. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.
    D. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and caused him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.
48. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.
49. The Facility has been subject to a previous ADA *Gastelum* lawsuit but has failed to remediate ADA violations to date.

---

[5] *See Murray v. Farmers Insurance Co.,* 366 P.3d 117 (2016)

13

50. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff and others similarly situated.

51. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, actions and inactions, which shall be no less than $50,000.00.

## COUNT III
## Common Law Fraud and Failure to Disclose

52. Plaintiff realleges all allegations heretofore set forth.

53. Defendant made the following representations or omissions of fact[6]:

   A. The registration desk was ADA accessible; and

   B. Self-parking was accessible; and

   C. That the pool was accessible; and

   D. Omitted to disclose non-accessible elements; and

   E. Concealed non-accessible elements.

54. The representations and omissions referenced above were false[7].

55. Defendant knew that its representations and omissions were false by virtue of the *Gastelum* action and because Defendant is aware of the condition of its own property.

56. Defendant intended Plaintiff and others similarly situated to rely on the information in Table 2.

57. Plaintiff justifiably relied on Defendant's misrepresentations and omissions.

58. Plaintiff has been damaged by Defendant's misrepresentations and omissions by visiting Defendant's Facility, experiencing physical and emotional damages as alleged above and being denied full and equal access to the Facility.

59. Defendant has been damaged in an amount to be proven at trial but in no event less than $50,000.00.

---

[6] See Table 2.

[7] See Table 3.

60. ADA has been the law since 1990. By virtue of the *Gastelum* litigation, Defendant was reminded of the ADA, but nonetheless refused and declined to desegregate Plaintiff and others similarly situated from enjoying its Facility and providing equal access to Plaintiff and others similarly situated.

61. Defendant engaged in aggravated and outrageous conduct by virtue of its ontinued segregationist misconduct.

62. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff and others similarly situated.

63. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, actions and inactions, which shall be no less than $50,000.00.

### COUNT IV
### Consumer Fraud

64. Arizona's Consumer Fraud Act (CFA) provides[8]:

    The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

65. "The purpose of the [CFA] is to provide injured consumers with a remedy to counteract the disproportionate bargaining power often present in consumer transactions."[9]

---

[8] A.R.S. § 44-1522(A)

[9] *Waste Mfg. & Leasing Corp. v. Hambicki*, 183 Ariz. 84, 88, 900 P.2d 1220, 1224 (App. 1995). Our supreme court has recognized an implied private cause of action under the act. *See Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 576, 521 P.2d 1119, 1122 (1974).

66. " It is well-settled that a person or entity need not intend to deceive to violate the statute." Nor does the statute require that the defendant know that the misrepresentations are false.[10]" To succeed on a claim of consumer fraud, a plaintiff must show a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the promise."[11]

67. Advertisement' includes the attempt by publication, dissemination, solicitation or circulation, oral or written, to induce directly or indirectly any person to enter into any obligation or acquire title or interest in any merchandise.[12] Sale' means any sale, offer for sale, or attempt to sell any merchandise for any consideration, including sales, leases and rentals of any real estate subject to any form of deed restriction imposed as part of a previous sale.[13] Merchandise' means any objects, wares, goods, commodities, intangibles, real estate, or services.[14]

68. Defendant advertised its accessibility on its booking website in connection with the sale of its lodging services.

69. Defendant's misrepresentations referenced above were made in connection with the sale or advertisement of lodging services which consequentially and proximately injured Plaintiff as a result.

70. Defendant engaged in aggravated and outrageous conduct by virtue of its ontinued segregationist misconduct.

71. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff and others similarly situated.

---

[10] *Powers v. Guar. RV, Inc.*, 229 Ariz. 555, ¶ 17, 278 P.3d 333, 338 (App. 2012).

[11] *Kuehn v. Stanley*, 208 Ariz. 124, ¶ 16, 91 P.3d 346, 351 (App. 2004).

[12] A.R.S. § 44-1521(1).

[13] A.R.S. § 44-1521(7).

[14] A.R.S. § 44-1521(5).

72. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, actions and inactions, which shall be no less than $50,000.00.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against Defendant as to each and every cause of action, including:

A. Declaratory Judgment that Defendant is in violation of the specific requirements of (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design;  and

B. Irrespective of Defendant's "voluntary cessation" of the ADA violations, if applicable, a permanent injunction which directs Defendant to take all steps necessary to bring its Facility into full compliance with the ADA so that the Facility becomes fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

C. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

D. For damages in an amount that accurately reflects reasonable compensation for damages sustained but in no event less than $25,000.00; and

E. For punitive damages in an amount to sufficient to deter Defendant and others similarly situated from violations described above in no event less than $50,000.00; and

F. An order for injunctive relief requiring Defendant to conduct a corrective advertising campaign; and

G. An order awarding attorneys' fees, costs and expenses pursuant to the ADA; and

H. Interest at the highest rate allowable by law; and

I. For equitable nominal damages; and

J. The provision of whatever other relief the Court deems just, equitable and appropriate.

## JURY DEMAND

73. Plaintiff hereby demands a trial by jury on all issues so triable.

**DATED** this 28th day of February 2020.

**PETER STROJNIK**

Peter Strojnik

SERVED AND DISTRIBUTED THROUGH PACER

**END**