**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-00343-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| New Crescent Investments LLC, | |
| Defendant. | |

On January 23, 2020, Plaintiff filed this lawsuit in state court. (Doc. 1-3.) On February 14, 2020, Defendant removed the action to this Court. (Doc. 1.) On February 21, 2020, Defendant filed a motion to dismiss Plaintiff's negligence claims. (Doc. 12.)

On February 28, 2020, Plaintiff filed an amended complaint. (Doc. 15.) Plaintiff may amend his complaint as a matter of course, without the Court's leave or Defendant's consent, because the time for doing so has not yet elapsed. Fed. R. Civ. P. 15(a). However, Plaintiff failed to adhere to this Court's local rules, which require "a separate notice of filing the amended pleading" with a 'redlined' draft that indicates what has been changed. LRCiv 15.1(b). The Court will therefore strike the amended complaint. Plaintiff may, within the time permitted by Rule 15(a), file an amended complaint as a matter of course, along with the required separate notice of filing the amended pleading and 'redlined' draft.

Also on February 28, 2020, Plaintiff filed a motion to strike Defendant's motion to dismiss. (Doc. 16.) "Unless made at trial, a motion to strike may be filed only if it is

authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m). Defendant's motion to dismiss is expressly authorized by Rule 12(b) of the Federal Rules of Civil Procedure, and the motion to strike does not appear to be authorized by statute or rule. To the extent that Plaintiff appears to rely on Rule 12(f) as authority for the motion to strike, that provision is unavailing, as it applies only to matter appearing in a "pleading," not a motion. Defendant's motion to dismiss is not a pleading, and therefore Rule 12(f) does not authorize a motion to strike it.

Furthermore, the Court disagrees with Plaintiff's characterization of Defendant's motion to dismiss as "irrelevant, scandalous, and impertinent." (Doc. 16 at 4.) Defendant informed the Court that Plaintiff "was disbarred from practicing law in Arizona because it was found that he represented individuals in hundreds of meritless accessibility lawsuits." (Doc. 12 at 1.) In light of the fact that Plaintiff is now bringing a pro se accessibility lawsuit, the Court cannot conclude that the fact of Plaintiff's disbarment for bringing meritless accessibility lawsuits is irrelevant. And while the word "scandalous" can carry various shades of meaning, *see, e.g.*, *Iancu v. Brunetti*, 139 S. Ct. 2294, 2299–300, 2308 (2019), accepting the definition Plaintiff provided—matter is "scandalous" if it "improperly casts a derogatory light on someone" (Doc. 16 at 4 n.7 (quoting *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005))—the Court notes that much of what necessarily must be stated in the course of litigation casts a derogatory light on someone. The key word must be "improperly," which circles back to relevance. *Butler*, 229 F.R.D. at 170 ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."). To the extent that disbarment for bringing hundreds of meritless accessibility lawsuits casts Plaintiff in a derogatory light, the relevance to a newly-brought accessibility lawsuit outweighs the possible prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Doc. 15) is **struck**. Plaintiff may, within the time permitted by Rule 15(a), file an amended complaint as a matter of course, along with the required separate notice of filing the amended pleading.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (Doc. 16) is **denied**.

Dated this 2nd day of March, 2020.

Dominic W. Lanza
United States District Judge