Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone: (602) 524-6602
ps@strojnik.com

**MARICOPA COUNTY SUPERIOR COURT**

**STATE OF ARIZONA**

PETER STROJNIK,

Plaintiff,

vs.

NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX

Defendant.

Case No: 2:20-cv-00343-DWL

**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**SCOPE OF MOTION**

Plaintiff's First Amended Complaint [Dkt. at 21] brings this action in four counts: (1) Violation of the Americans with Disabilities Act, (2) Negligence, (3) Common Law Fraud and (4) Consumer Fraud. In order to streamline the remainder of this litigation, Plaintiff brings this Motion on Counts 1 (ADA) and (4) (Consumer Fraud) because there is no genuine dispute of any material fact and Plaintiff is entitled to judgment as a matter of law. *See Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018) (quoting Fed.R.Civ.P. 56(a)).

**INTRODUCTION**

Defendant was previously sued for ADA violations in the U.S. District Court for the State of Arizona in a case styled *Gastelum v. New Crescent Investments, LLC* under cause no. 2:17-cv-02560-JAT but has failed to remediate ADA violations to date. (SOF 19)

Defendant's continued disregard for the civil rights of the disabled is not surprising; it is rather expected. Segregation of the disabled from the mainstream is the last vestige of collectively acceptable discrimination. While Congress attempted to provide individuals with disabilities with the same level of protection as "individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age", 42 U.S.C. §12101 (a)(4), this lofty congressional goal has been ignored by most, including this Defendant.

ADA violators' failure to accommodate the disabled is customary in today's America. During the 30 year life of the ADA, offenders have infused themselves into every vein of the social body in order to portray the disabled as inconsequential throwaway people not worthy of equal access. They whispered and sniveled their segregationist views into the ears of the media and the general polity, attorneys general and state legislators, news editors and lawyer associations. They have been amazingly successful.

But the measure of equal protection "for which our free society is justifiably famous", 42. U.S.C. §12101(a)(8) does not permit consideration of the prevailing public bias. As in the case of 1963 Alabama when George Wallace infamously declared "segregation now, segregation tomorrow, segregation forever"[1] which became a rallying cry for those opposed to integration and the Civil Rights Movement, so does today's public sentiment view segregationist public accommodation with conscious indifference. With respect to the ADA, setting aside silent biases is a hard way of achieving integration, but it is the only way that works.

This is a dangerous pattern in the evolution of civil rights. Some ADA violators are so callous that they choose to completely disregard their ADA obligations even after they had been sued for ADA violations previously. It is, after all, cheaper to litigate than to remediate.

## UNDISPUTED FACTS

Plaintiff is a 68 year old retired individual residing in Phoenix, Arizona. He is a disabled veteran as defined by the 2008 ADA Amendment and 28 C.F.R. 36.105. (SOF 1,

[1] 1963 inaugural address.

2) Defendant, owns, operates leases or leases to a business at 2620 West Dunlap Ave., Phoenix, AZ 85020 which is a public accommodation ("Facility"). (SOF 3)

**1. Plaintiff is ADA disabled.**

The purpose of the 2008 ADAAA was "to convey that it is the intent of Congress that the primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their obligations, and to convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis". *See id.* at § 2(b)(5). Nonetheless, Plaintiff is disabled under all three prongs of disability as defined in the 2008 ADAAA and 28 C.F.R. 36.105 by virtue of (1) Prostate Cancer And Genitourinary Impairment, (2) Renal cancer, (3) Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy, (4) Degenerative Right Knee (replaced with prosthesis), (5) Limitation On The Use Of Both Shoulders, Elbows And Wrists To Reach And Twist; and (6) Pleurisy. (SOF 6) Plaintiff's impairments substantially limit his major life activities, including performance of manual tasks, walking, standing, sleeping, reaching, lifting, writing, working and climbing stairs. (SOF 7) Plaintiff's impairments are of lifetime duration. (SOF 8)



Plaintiff has been recognized as disabled by the Arizona Department of Transportation as indicated in the margin on the right. (SOF 9)

**2. Plaintiff's ADA Requirements**

As a consequence of Plaintiff's disability, Plaintiff requires places of public accommodation to be fully compliant with ADAAG, including 28 C.F.R. 36 and Standards for Accessibility Design as those guidelines relate to Plaintiff's ADA disabilities. (SOF 10) Plaintiff requires a truthful disclosure by booking websites of accessible and non-accessible features that do not comply with the ADAAG. *See* 28 CFR 36.302(e) comment. (SOF 11) Plaintiff also requires that booking websites provide a booking procedure for an accessible room that is the same as a booking procedure for a non-accessible room. 28 CFR 36.302(e)(1)(i). (SOF 12) Plaintiff's injuries in

encountering accessibility barriers interfere with Plaintiff's full and equal enjoyment of a public accommodation. (SOF 13) Further as a result of Plaintiff's disability and the consequential entitlement to a mobility accessible room properly dispersed between various categories of rooms, Plaintiff enjoys the absolute right to proper dispersion of accessible rooms between various categories of rooms, *see* 2010 Standards at 224.5. (SOF 14)

**3. Defendant's 28 C.F.R. 36.302(e)(1)(ii) Disclosures.**

Defendant's booking website makes the following disclosures and representations:

**ACCESSIBILITY REPRESENTATION**
https://www.marriott.com/hotels/fact-sheet/travel/phxsi-sheraton-phoenix-crescent/#accessibility

**Accessible Areas with Accessible Routes from Public Entrance**

Business Center
Concierge desk
Fitness Center
Meeting spaces and ballrooms
Pool accessible
Pool pathway
Registration desk

**Accessible Hotel Features**

Accessible Self-parking
Meeting room(s) with assistive listening devices
Self-parking facility, van-accessible spaces
Service animals are welcome
Valet parking for vehicles outfitted for drivers in wheelchairs
Elevators

**Guest Room Accessibility**

Accessible guest rooms with 32" wide doorways
Accessible route from public entrance to accessible guest rooms
Alarm clock telephone ringers
Bathroom grab bars
Bathtub grab bars
Bathtub seat
Doors with lever handles
Electrical outlets, lowered
Hearing accessible rooms and/or kits
Roll-in shower
Shower wand, adjustable
TTY/TTD available
TV with close-captioning
Toilet seat at wheelchair height
Transfer shower
Vanities, accessible

(SOF 20)

**4. Actual Conditions at the Hotel**

Contrary to the disclosure and representations on its advertising and booking website, Plaintiff personally encountered and documented the following ADA violations[2]:

**PERSONAL BARRIER ECOUNTERS**

**Walking surface from street too steep (403)**

**Walking surface from street too steep (403) (Other side)**

---

[2] Numerical references are to 2010 Standards for Accessibility Design.


| | |
|---|---|
| <br>**No curb ramp on accessible route (405)** | <br>**Uneven surface from street (403) with no ramp** |
| <br>**Improper signage height (502)** | <br><br>**Cross slope in accessible parking too steep (502)** |

**Accessible parking longitudinal slope too steep (502)**

**Curb ramp too steep (405)**

**No curb ramp on accessible route (406)**

**Inaccessible check in counter (904)**





| | |
|---|---|
|   **Access area to pool seat too steep (1009.2.1)** |  **Improper hardware (404)** |
|  **Pool access hardware too high.** |  **Inaccessible route with no signage** |

| | |
|---|---|
| <br>**Improperly configured handrails (505)** | <br>**Inaccessible bar (206-902)** |
| <br>**Inaccessible upper seating area (206)** | <br>**Inaccessible business counter (904)** |

(SOF 22)

ADA violations referenced above relate to Plaintiff's mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination. (SOF 4) Plaintiff is deterred from visiting the Facility based on Plaintiff's knowledge that the Facility is not ADA compliant as such compliance relates to Plaintiff's disabilities. (SOF 5)

**5. Falsity of Booking Website Representations**

**a. Representation that there is accessible route from public entrances is false as evidenced by the below photographs:**






**Walking surface from street too steep (403)**

**Walking surface from street too steep (403) (Other side)**

**No curb ramp on accessible route (405)**

**Uneven surface from street (403) with no ramp**



| | |
|---|---|
| <br>**No curb ramp on accessible route (406)** | |

**b. Representation that the registration desk is accessible is false as evidenced by the below photographs:**

| | |
|---|---|
|  |  |

| | |
|---|---|
| Inaccessible check in counter (904) | Inaccessible business counter (904) |

**c. Representation that hotel parking is accessible is false as evidenced by the below photographs:**



Improper signage height (502)





Cross slope in accessible parking too steep (502)





Accessible parking longitudinal slope too steep (502)





Curb ramp too steep (405)

**d. Representation that the pool is accessible is false as evidenced by the below photographs:**

Access area to pool seat too steep (1009.2.1)

**e. The representation that the pathway to pool is accessible is false as evidenced by the below photograph:**

Pool access hardware too high.

Defendant's misrepresentations referenced above were made in connection with the sale or advertisement of lodging services which consequentially and proximately injured Plaintiff as a result. Plaintiff was injured, inter alia, by (1) experiencing segregation when visiting the hotel (2) experiencing pain and suffering in encountering barriers to accessibility (3) relegation to second class citizen status and (4) the pain, suffering and emotional damages inherent to discrimination and segregation. (SOF 61)

**MEMORANDUM**

**1. Summary Judgment on the ADA claim.**

A Title III ADA Plaintiff must prove that (1) he is an individual with a disability; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his or her disability. 42 U.S.C. §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007); *Arizona ex rel. Goddard v. Harkins Amusement Enter. Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

Here, (1) Plaintiff is an individual with disabilities, (2) Defendant is a private entity that owns, operates or leases Defendant Hotel, and (3) Plaintiff was denied public accommodation as a result of his disabilities.

**2. Summary Judgment on ACFA Claim**

Arizona's Consumer Fraud Act ("ACFA") claim requires proof of the elements provided in A.R.S. §44-1522(A):

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

"The purpose of the [CFA] is to provide injured consumers with a remedy to counteract the disproportionate bargaining power often present in consumer transactions." *Waste Mfg. & Leasing Corp. v. Hambicki*, 183 Ariz. 84, 88, 900 P.2d

1220, 1224 (App. 1995). Our supreme court has recognized an implied private cause of action under the act. *See Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 576, 521 P.2d 1119, 1122 (1974).

"It is well-settled that a person or entity need not intend to deceive to violate the statute." *Powers v. Guar. RV, Inc.*, 229 Ariz. 555, ¶ 17, 278 P.3d 333, 338 (App. 2012). Nor does the statute require that the defendant know that the misrepresentations are false. *Id.* " To succeed on a claim of consumer fraud, a plaintiff must show a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the promise." *Kuehn v. Stanley*, 208 Ariz. 124, ¶ 16, 91 P.3d 346, 351 (App. 2004).

Here, Defendant's booking website included representations that were false and omitted disclosure of information required to be disclosed by 28 C.F.R. 36.302(e)(1)(ii). Plaintiff relied on the misrepresentations and was consequently damaged by his reliance.

The ACFA claim is proven.

**CONCLUSION AND PRAYER FOR RELIEF**

The facts are not in dispute and the law is clear: Defendant violated the ADA and implementing regulations. Defendant also misrepresented the state of its ADA accessibility, and failed to disclose required accessibility elements in violation of the C.F.R. and ACFA. Plaintiff seeks the following relief:

1. That Defendant NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX within six (6) months from the date of the entry of Judgment on the ADA claim ensure that its place of lodging at 2620 West Dunlap Ave., Phoenix, AZ 85020, comply with the Title III of the Americans with Disabilities Act, 42 U.S.C. 12181 – 12189, and 28 Code of Federal Regulations, Part 36, and 2010 Standards for Accessibility Design.

2. If Defendant NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX is unable to comply with the preceding paragraphs,

Defendant NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX may apply to this Court, with notice to Plaintiff, for an extension of time within which to comply which application shall set forth a detailed factual disclosure of all efforts by Defendant NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX to comply with the preceding paragraph, and a detailed explanation why it cannot comply by the 6 month deadline.

3. If Defendant NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX does not comply with the Order in Paragraph 1 above within the 6 month period, and Plaintiff brings to the Court competent proof of non-compliance, Defendant NEW CRESCENT INVESTMENTS, LLC dba SHERATON CRESCENT PHOENIX at 2620 West Dunlap Ave., Phoenix, AZ 85020242 N. Black shall be ordered closed until such time as it complies with the remediation orders of this Court.
4. For liability judgment on Plaintiff's ACFA claim.
5. That all remaining issues be tried to the jury.

**DATED** this 23rd day of July 2020.

**PETER STROJNIK**

Peter Strojnik

SERVED AND DISTRIBUTED THROUGH PACER