Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff<br><br>vs.<br><br>New Crescent Investments, LLC, d/b/a Sheraton Crescent Phoenix,<br><br>Defendant. | No. CV-20-343-PHX-DWL<br><br>**DEFENDANT'S RULE 56(D) MOTION** |

Defendant New Crescent Investments, LLC d/b/a Sheraton Crescent Phoenix ("Defendant") moves the Court for Rule 56(d) relief so that it can obtain the necessary facts through discovery to oppose Mr. Strojnik's Motion for Partial Summary Judgment [Dkt. 35].

**I.   BACKGROUND**

Mr. Strojnik, a former attorney who was disbarred for filing hundreds of ADA lawsuits without factual or legal basis, has now begun filing dozens of ADA lawsuits *pro se* in California, Arizona, and New Mexico. Mr. Strojnik was recently declared a vexatious litigant in the U.S. District Court, Central District of California.[1]

Mr. Strojnik filed this ADA lawsuit alleging that he is deterred from staying at the Defendant's hotel, the Sheraton Crescent Phoenix (which is a short drive from his

---

[1] See *Strojnik v. SGC American Construction, Inc.*, Cas No. 19-cv-1566 (C.D. Cal. April 19, 2020).

1 home in Central Phoenix) because he allegedly encountered a handful of barriers to
2 accessibility at the Defendant's property. When Mr. Strojnik was a licensed attorney
3 he represented plaintiffs in more than 1800 ADA lawsuits in Arizona state and
4 federal courts—the vast majority of those cases were dismissed because it was
5 determined that his clients lacked Article III standing. See *Gastelum v. Canyon*
6 *Hospitality, LLC,* CV-17-02792-PHX-GMS, 2018 WL 2388047 (D. Ariz. May 25,
7 2018). That ultimately is what got him disbarred. California federal courts have also
8 determined that Mr. Strojnik lacked Article III standing to pursue his ADA
9 accessibility claims and dismissed his cases. Defendant needs additional time to
10 conduct additional discovery into Mr. Strojnik's Article III standing, or lack thereof.

11 Mr. Strojnik has boot-strapped a number of common law tort claims onto his
12 ADA claim so that he can allege monetary damages,[2] including claims for
13 negligence, negligence *per se*, common law fraud, and consumer fraud.

14 The Case Management Report provides that Mr. Strojnik's expert disclosure
15 deadline is October 12, 2020, and Defendant's expert disclosure deadline is
16 November 16, 2020. Almost all ADA accessibility cases require expert witnesses—
17 although it appears Mr. Strojnik is serving as his own expert. The completion of fact
18 discovery is scheduled for February 19, 2021. On July 27, 2020, Mr. Strojnik moved
19 for summary judgment on his ADA and consumer law fraud claims.

20 Defendant served written discovery on Mr. Strojnik concerning his injuries
21 and Article III standing but Mr. Strojnik's written responses did not provide
22 Defendant with adequate information. For example, Defendant requested that Mr.
23 Strojnik identify all places of public accommodation that he has stayed overnight
24 since January 1, 2015. He objected and refused to answer. Defendant asked Mr.
25 Strojnik to identify whether he has ever stayed at Defendant's hotel before. His
26
27
28
---
[2] The ADA does not allow Mr. Strojnik to seek private damages, only his reasonable attorneys' fees and costs if he is determined to be the prevailing party.

response: "I do not recall." When asked in a written interrogatory to identify any and all Sheratons he has stayed at before, Mr. Strojnik objected and refused to answer.

## II. RULE 56(d) ALLOWS DEFENDANT ADDITIONAL TIME TO SEEK DISCOVERY.

Rule 56(d), Fed. R. Civ. P. provides that "if a non-movant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it, (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Mr. Strojnik filed his Motion for Partial Summary Judgment four months before Defendant's deadline to disclose its expert report and seven months before discovery was scheduled to close. The timing of his Motion has effectively cut the length of the discovery phase in half.

Here, Defendant still needs to take the depositions of Mr. Strojnik and his wife, Tanya C. Strojnik, before it can adequately respond to Mr. Strojnik's Motion. Defendant also needs to consult with an ADA expert witness regarding the alleged barriers to accessibility identified by Mr. Strojnik is his Complaint and Motion. Defendant's request is supported by undersigned counsel's Declaration attached as **Exhibit A**.

For these reasons, Defendant requests that the Court grant Defendant relief and extend Defendant's deadline to respond to Plaintiff's Motion by an additional 60 days.

RESPECTFULLY SUBMITTED this 11th day of August, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By *s/ Lindsay G. Leavitt*
Lindsay G. Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Defendant*

7208998v1(69171.1)

## CERTIFICATE OF SERVICE

☒ I hereby certify that on August 11, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com

☐ I hereby certify that on August 11, 2020, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

                                              s/ Tana Davis-Digeno

7208998v1(69171.1)