Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Peter Strojnik,

    Plaintiff,

vs.

New Crescent Investments, LLC dba Sheraton Crescent Phoenix

    Defendant.

Case No: 2:20-cv-00343-DWL

**VERIFIED PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DECLARE HIM A VEXATIOUS LITIGANT**

**and**

**REQUEST FOR EVIDENTIARY HEARING**

## INTRODUCTION

Plaintiff is a retired 68 year old disabled individual and ADA Tester. *See Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017). Plaintiff is a committed individual who brings serial ADA litigation advancing the time when public accommodations, particularly hotels, become ADA compliant. "For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007)

Defendant New Crescent Investments, LLC, ("New Crescent") is a three time (3x) ADA defendant and a recidivist human rights violator. New Crescent runs a mega hotel at Interstate 17 and Dunlap. The Hotel has 342 rooms charging $200± per night per

room[1], making more money in one night than most Americans make in a year. Despite raking in $68,000.00± per day, New Crescent holds itself out as a "small minority-owned hotel franchisee", *see* Defendant's motion, Dkt. 51 at 4:1-3. It is anything but.

New Crescent is a litigious defendant. In a case that could have been resolved in the Superior Court for a promise to conduct a good faith ADA review, use best efforts to remediate readily achievable remediations, and peanuts for costs, damages and expenses, New Crescent has managed to fill the docket with 50 entries and the approximately equal number of sub-docket entries. Now that New Crescent has unnecessarily expanded the simplest proceeding into a major piece of litigation, it complains that the settlement value of the case has increased proportionately with its litigiousness.

For reasons summarized in the following section and more fully developed below, New Crescent latest motion is baseless as a matter of fact and law. Sanctions are requested against New Crescent and Attorney Leavitt.

**SUMMARY OF RESPONSE**

Defendant's Vexatious Litigant motion is groundless for the following reasons:

1. Strojnik did not file the current case in the District Court. New Crescent did. Strojnik filed this case in the Maricopa County Superior Court. *See* Notice of Removal at Dkt at [1].

2. The question whether Strojnik's ADA complaints filed in the State Court are vexatious is subject to Arizona Revised Statute §12-3201, not *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) and its legal progeny.

3. The question whether Strojnik filed any vexatious complaints in the Arizona has been twice (2x) decided adversely to New Crescent. Exhibits 1 and 2. In disposing a similar motion, Honorable Judge Campagnolo found that "Defendants failed to present any showing that Plaintiff has continued a pattern of misconduct as a *pro se* litigant, such that it would amount to vexatious conduct under §12-3201".

4. The All Writs Act grants the District Court jurisdiction over cases filed in the District Court, not State Court. Here, Strojnik filed no ADA cases in this District. It bears

---

[1] *See* Plaintiff's booking at $228.69 for one night. Dkt. at 45-11.

2

repeating that it was New Crescent who filed the current case in the District Court, not Strojnik. New Crescent's Motion, therefore, lacks a factual predicate for the Motion.

5. Strojnik filed no *pro se* ADA / Brand Deceit cases in the Arizona District Court. Ever.

6. Even considering federal law, New Crescent's motion generally confuses the effect of dismissal under a 12(b)(1) and 12(b)(6). A 12(b)(1) dismissal is procedural[2]. Where the dismissal is procedural – as in numerous cases reproduced or referenced in 812 page-long inadmissible Exhibits [51-1 through 51-7] – the District Court must never address the merits[3].

7. The 812 pages of exhibits have no precedential value. *See* Exhibit 3, Judge Campagnolo's ruling on the same issue, stating, "[n]one of the district court orders have any precedential value, and the Court is not ruling at this time whether any of those orders have any persuasive value in this case".

8. Even considering federal law, New Crescent's Motion point to no "numerous [claims that were] patently without merit"[4].

New Crescent has conducted significant background research on Strojnik's human rights litigation practices. New Crescent knows that Strojnik has not initiated *any* civil right cases in this District. New Crescent also realizes full well that there is no indication that Strojnik *intends* to file any other civil rights cases in the District Court[5]. New

---

[2] Jurisdictional dismissal is procedural in nature because it only decided the "courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, (1998)

[3] As stated in *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380-81 (9th Cir. 1988), "[i]f jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.' . . . If jurisdiction was lacking, then the court's various orders . . . were nullities." (internal citations omitted).

[4] "'The plaintiff's claims must not only be numerous, but also be patently without merit.'" *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1059 (9th Cir. 2007) quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

[5] The filing fee in the Maricopa County Superior Court is $333.00. In the District Court, it is $400.00. Superior Court, unlike the District Court, permits Plaintiff to file a Complaint

Crescent's motion is not intended to achieve some lofty goal. Instead, it is intended to waste this Court's finite resources and unjustly enrich the defense strategist. For these reasons, Strojnik requests (A) leave to conduct limited discovery as proposed in Addendum A hereto, (B) schedule an in person evidentiary hearing on this matter, and (C) sanctions against New Crescent and its defense strategist, Attorney Lindsay Leavitt.

**ANALYSIS**

**1. Introduction**

New Crescent has been sued at least three times for ADA violations just in the State of Arizona. New Crescent has been caught red handed yet again, this time for (1) violating basic human rights of the disabled, and (2) consumer fraud and (3) brand deceit. Like any other recidivist human rights violator, New Crescent does what the guilty always do – attack the victim. Moral depravity runs deep in New Crescent's ableist animus.

New Crescent's attempt to recast itself from *perpetrator* to *victim* is not surprising. Segregation of the disabled has become a collectively acceptable form of discrimination. While Congress attempted to provide individuals with disabilities with the same level of protection as "individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age", 42 U.S.C. §12101 (a)(4), this lofty congressional goal has been ignored by most, and New Crescent in particular.

New Crescent and their defense strategist have used the 30-year period since the passage of the ADA artfully. They penetrated every capillary of the social body to portray the disabled as an inconsequential throwaway family of unworthy individuals. They whispered and sniveled their segregationist views into the ears of the media and the general polity, attorneys general and state legislators, news editors and lawyer associations. They have been amazingly successful.

But the measure of equal protection "for which our free society is justifiably famous", 42. U.S.C. §12101(a)(8) does not permit consideration of the prevailing public bias. As in the case of 1963 Alabama when George Wallace infamously declared

and all subsequent filings electronically without requiring Plaintiff to seek special permission.

"segregation now, segregation tomorrow, segregation forever"[6], so does today's public sentiment view segregationist places of lodging, like New Crescent, with conscious indifference.

The one thing to remember is this: Public sentiment is fickle. It turns on a dime. Today New Crescent is just a human rights violator. Tomorrow it may have protesters in its lobby.

As a result of public acceptance of ableism, some defense advocates allege scandalous and impertinent plots and disparaging tales as a furtive reconnaissance mission. By filing clearly baseless motions, as the one under consideration, they seek to determine whether a particular judge views ADA cases with skepticism and hostility. This question was first observed and discussed by the Honorable Judge Melinda Harmon in *Gilkerson v. Chasewood Bank*, 1 F.Supp. 3d 570, 596-97 (S.D. Tex., 2014), where she confirmed what most ADA civil rights plaintiffs know from experience:

> Testers have been an accepted and successful means of enforcing civil rights statutes under the Fair Housing Act and Title VII of the Civil Rights Act of 1964, although **a number of courts addressing Title III cases have been skeptical, and even hostile**. *See* Lee, *Giving Disabled Testers Access to Federal Courts,* 19 Va. J. Soc. Pol'y & L. at 321–23; Johnson, *Testers Standing up for Title III of the ADA,* 59 Case W. Res. L.Rev. at 689–702.

It is not surprising, then, that New Crescent relentlessly bids to awaken potential skepticism and hostility in this Court. By pursuing arousal of cynicism, defendants deviously create an intolerable level of distrust between ADA plaintiffs and the Court. The creation of uncertainty and distrust is New Crescent's end game.

However, while there may be District Courts that view ADA claims with skepticism and hostility, the Judges in the Arizona District have generally rejected defendants' attempt to cast themselves as victims. Defendants' constant wail of persecution and victimhood was addressed by U.S. District Court Judge Holland's stout rebuke of such role reversal. In *Brooke v. Airport Hotel, LLC* 2:15-cv-1149-HRH (D. Ariz., 2015), Judge Holland soundly rebuffed offending Defendants' recast of *victimhood*, noting:

---

[6] 1963 inaugural address.

5

> By way of introduction to its motion to dismiss, defendant points out that plaintiff has filed multiple, "generic" lawsuits. Defendant alleges that plaintiff is "targeting" "mom-and-pop" businesses that cannot afford to defend claims such as that brought here.
>
> Plaintiff is the potential victim here, not the defendant. The fact that plaintiff has filed multiple suits (in excess of 50 at last count) is not relevant to the instant motion. "For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007).

ADA defendants' strategy fails to consider the public policy embodied in the very finding of the United States Congress that "discrimination and prejudice denies people with disabilities the opportunity … to pursue those opportunities for which our free society is justifiably famous", *see* 42 U.S.C. §121101(a)(8). But while our free society may be "justifiably famous" for defeating *George Wallacesque racial* discrimination, the intensely held anti ADA sentiment remains deeply imbedded in Arizona's social psyche.

Ultimately, however, everyone needs to heed congressional mandate that the focus in ADA litigation is not whether a plaintiff is a plumber or a poet, a cop or a robber, a lawyer or a legal scholar.  As explained in congressional statement of purpose,  "the primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their obligations", *see* 2008 ADAAA at §(2)(b)(5). It cheapens the solemnity of federal litigation when New Crescent forgets this basic tenet of American jurisprudence.

New Crescent has not complied with its civil rights obligations. The current lawsuit is a consequence.

**2. State Law, not Federal Law, Applies to Complaints filed in State Court**

**a. State Law**

Arizona does not have a counterpart to federal All Writs Act. Arizona does, however, have a constitutional provision protecting litigant's rights that is much broader than that of the Federal Constitution. Arizona's Constitution provides not just that the legislature will *make no law* abridging the right to redress. Arizona's constitution outright

6

outlaws *any* abridgment of this right *by anyone.* "The right of petition … **shall never** be abridged." Ariz. Const, Article 2 §5.

There is no provision in Arizona's constitutional or statutory law permitting the legislature to pre-empt a constitutional grant of absolute right to redress. Arizona's "*shall never* abridge" language is obviously much more protective of individual rights to redress than the right to redress granted by the 1st Amendment to the US Constitution.

### b. Discussion of State Law

Arizona legislature passed a vexatious litigant statute, A.R.S. §12-3201. While §12-3201 appears facially at odds with Ariz. Const, Article 2 §5, and thus unconstitutional[7], it is nevertheless addressed below. §12-3201 defines "vexatious conduct" as follows:

> 12-3201. Vexatious litigants; designation; definitions
> ***
> E. For the purposes of this section:
>   1. "Vexatious conduct" includes any of the following:
>     (a) Repeated filing of court actions solely or primarily for the purpose of harassment.
>     (b) Unreasonably expanding or delaying court proceedings.
>     (c) Court actions brought or defended without substantial justification.
>     (d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.
>     (e) A pattern of making unreasonable, repetitive and excessive requests for information.
>     (f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.
>   2. "Without substantial justification" has the same meaning prescribed in section 12-349.

There is no need for individual discussion of each item (a) through (f) in subsection (E)(1). The lack of applicability of even one factor is self-evident. Further, the matter has been addressed in the State Court and decided adversely to New Crescent. Exhibits 1 & 2.

### c. Federal Law

Even though federal law does not apply to complaints filed in State Court, Strojnik offers the following analysis for the sole purpose of demonstrating the frivolity of New Crescent's motion.

---

[7] Strojnik specifically raises the constitutionality issue for the purpose of appeal.

7

Federal precedent finds the authority to declare a person a *vexatious litigant* in the All Writs Act, 28 U.S.C. § 1651(a), which grants federal courts the power to "issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law". *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir. 2007).

Under the All Writs Act, the District Court can issue writs regarding Complaints filed in the District Court, not to Complaints filed in the State Court.

### d. Discussion of Federal Law

"[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment "right of the people . . . to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed " one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524-25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (internal quotation marks omitted, alteration in original); *see also Christopher v. Harbury*, 536 U.S. 403, 415 n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause).

Profligate use of pre-filing orders could infringe this important right, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (per curiam) (*Molski*), as the pre-clearance requirement imposes a substantial burden on the free-access guarantee. "Among all other citizens, [the vexatious litigant] is to be restricted in his right of access to the courts. . . . We cannot predict what harm might come to him as a result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

"[B]efore a … court issues a pre-filing injunction . . . it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) (*De Long*,)

(quoting *In re Powell*, 851 F.2d 427, 431, 271 U.S. App. D.C. 172 (D.C. Cir. 1988) (per curiam)). To determine whether the litigation is frivolous, [the] courts must " look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id*. (quoting same). While the 9th Circuit Court of Appeals has not established a numerical definition for frivolousness, it confirmed that "even if [a litigant's] petition is frivolous, the court [must] make a finding that the number of [frivolous]complaints was inordinate." *Id*. Litigiousness alone is not enough, either: "'The plaintiff's claims must not only be numerous, but also be patently without merit.'" *Molski*, 500 F.3d at 1059 (quoting *Moy*, 906 F.2d at 470).

As an alternative to frivolousness, the court may make alternative finding that the litigant's filings "show a pattern of harassment." *De Long*, 912 F.2d at 1148. However, courts must "be careful not to conclude that particular types of actions filed repetitiously are harassing," and must " [i]nstead . . . 'discern whether the filing of several similar types of actions constitutes an *intent* to harass the defendant or the court.'" *Id*. at 1148 n. 3 (quoting *Powell*, 851 F.2d at 431).

Finally, pre-filing orders "must be narrowly tailored to the vexatious  litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. In *Molski*, the 9th Circuit Court of Appeals approved the scope of an order because it prevented the plaintiff from filing " only the type of claims Molski had been filing vexatiously," and " because it will not deny Molski access to courts on any . . . claim that is not frivolous." *Id*.

### 3. New Crescent Fails to Offer any Proof of  Strojnik's Alleged Vexatious Litigation under State Law *or* Federal Law

Out of regard for the constitutional underpinnings of the right to court access, "pre-filing orders should rarely be filed," and only if courts comply with certain procedural and substantive requirements. *De Long* 912. F. 2nd at 1147. "[B]efore a …court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148.

The final consideration, whether other remedies " would be adequate to protect the courts and other parties" is particularly important. *See Cromer v. Kraft Foods N. Am.,*

9

*Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be the remedy of last resort.

New Crescent fails to point to any "frivolous or harassing" litigation under State or Federal Law. Its motion is groundless.

**4. Necessary Factual Predicate is Absent from New Crescent's Motion.**

Even the initiation of vexatious litigant proceeding subject the accused to the fear of a "[s]word of Damocles [that] hangs over his hopes for federal access for the foreseeable future." *Moy*, 906 F. 2nd at 470. Neither New Crescent nor its Counsel have identified any factual predicate for commencing this groundless investigation. Thus it seems rather obvious that the filing of the current vexatious litigant motion is precisely what *Molski* cautioned against: The profligate use of vexatious litigant proceedings.

The attempted use of past litigation to prevent a litigant from pursuing a valid claim in court warrants the Court's most careful scrutiny. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 08/12/2008) (referencing *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988). This is particularly true in the ADA context where "most ADA suits are brought by a small number of private plaintiffs who view themselves as champions for the disabled . . . For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski*, 500 F.3d at 1062 (citing Samuel R. Bagnestos, The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation, 54 U.C.L.A. L. Rev. 1, 5 (2006)).

A private plaintiff can be declared a vexatious litigant only for filing patently meritless claims *pro se*, but not as the attorney for a client. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); A.R.S. §12-3201 Therefore, all references to Strojnik's prior representation of his prior civil rights clients are irrelevant[8].

---

[8] Strojnik is an independent lawyer with 40 years of litigation experience. Strojnik declines to be associated with the State Bar of Arizona, having resigned on October 24, 2018 because his continuing association with the State Bar was inconsistent with his "core principles of morality and fair play". Strojnik is the most effective ADA lawyer, having

10

**5. New Crescent and Counsel Failed to Conduct Pre-Filing Due Diligence**

By signing a motion, including a vexatious litigant motion, New Crescent and its Counsel represented to the Court that they have conducted a preliminary factual inquiry that forms the basis of the motion and that the "factual contentions have evidentiary support". Fed. R. Civ. P. 11. It is rather well evident from New Crescent's motion that New Crescent and its Counsel have failed to carry their Rule 11 burden and, consequently, failed to offer proof sufficient for this Court to make necessary substantive findings regarding the alleged "frivolous or harassing nature of the [Plaintiff's] actions." *De Long*, 912 F.2d at 1148. Nowhere in their papers do New Crescent or its Counsel show that *any* of Plaintiff's *pro se* filings were of the prohibited "frivolous or harassing nature".

In order to discern the fundamental questions of frivolity and harassment, Plaintiff requested leave to conduct limited discovery in Addendum A and conduct an evidentiary hearing.

## WHAT IS NEW CRESCENT'S END GAME?

For the above reasons, Strojnik believes that New Crescent's motion enjoys a success probability of about 0%. Even if the outcome were different, there is no possible outcome that benefits New Crescent:

(1) Strojnik's filings in the Superior Court remain unaffected;

(2) Strojnik's claims against New Crescent remain unaffected. These claim include:

- 17 distinct and separate violations of the 2010 Standards; and
- Violation of 28 C.F.R. 36.302(e)(1)(ii); and
- Fraud and Consumer Fraud claims for misrepresentations on its booking website; and
- Brand deceit for holding itself out at a Sheraton when a Sheraton it is not.

On the other hand, the current Motion takes away from the District Court's limited resources and wastes Plaintiff's time. The only actual benefit is the unjust enrichment to the defense strategists.

---

ensured that thousands of public accommodations cease their discriminatory practices against the disabled.

## CONCLUSION AND PRAYER FOR RELIEF

New Crescent and its Counsel submit no evidence regarding vexatious litigant. In order to flush out New Crescent's and its Counsel's basis for their motion, Strojnik respectfully requests that the Court permit limited discovery as proposed in Addendum A. Once this discovery has been produced, Plaintiff requests leave to file supplemental response and affidavits and conduct an in person evidentiary hearing.

In the meantime, Strojnik requests an order to New Crescent to:

1. Disclose any ADA Complaints filed by Strojnik *pro se* in this district.
2. Any decision *anywhere* by *any judge* finding that *any* Complaint filed by Strojnik *anywhere* was meritless or harassing, keeping in mind that a dismissal for lack of jurisdiction is not on the merits.
3. Any decision by any lawyer organization finding that any civil rights action by Strojnik was unethical or, more importantly, immoral.

RESPECTFULLY SUBMITTED THIS 1st day of November, 2020.

**PETER STROJNIK**

Plaintiff

## VERIFICATION

Plaintiff verifies under the penalty of perjury that all factual statements in the above Response are true and correct to the best of his knowledge, information, memory and belief.

ECF filed and served on Defendants this 1st day of November, 2020.

12

**ADDENDUM A**
(Proposed Vexatious Litigant Discovery)

**REQUEST TO ADMIT 1:** Admit that in compliance with Rule 11, New Crescent and/or Attorney Leavitt conducted a prefiling factual and legal inquiry relating to New Crescent's Vexatious Litigant Motion.

**INTERROGATORY 1:** Please disclose all factual and legal information New Crescent and/or Attorney Leavitt learned during the Rule 11 investigation referenced in Request to Admit 1.

**REQUEST TO PRODUCE 1:** Please produce all documents, cases, and things New Crescent and/or Attorney Leavitt reviewed or consulted during the Rule 11 Investigation.

**REQUEST TO ADMIT 2:** Admit that New Crescent's and/or Attorney Leavitt's Rule 11 prefiling factual and legal inquiry relating to your Vexatious Litigant Motion disclosed the existence of no Strojnik's *pro se* ADA claims that were both (1) numerous and (2) patently without merit.

**INTERROGATORY 2:** If You denied the preceding Request to Admit, please identify Strojnik's *pro se* ADA claims that were found by any court to be both (1) numerous and (2) patently without merit.

**REQUEST TO PRODUCE 2**: Please produce all Strojnik's *pro se* ADA claims that were found by any court to be both (1) numerous and (2) patently without merit

**REQUEST TO ADMIT 3:** Admit that Strojnik filed the Complaint in the current case in the Maricopa County Superior Court.

**REQUEST TO ADMIT 4:** Admit that New Crescent removed the Complaint from the Maricopa County Superior Court to the US District Court for the District of Arizona.

**REQUEST TO ADMIT 5:** Admit that you are aware of no ADA Complaints filed by Strojnik *pro se* in the US District Court for the District of Arizona.

**INTERROGATORY 3:** If you denied the preceding Request to Admit, please identify Complaint filed by Strojnik *pro se* in the US District Court for the District of Arizona.

**REQUEST TO PRODUCE 3:** Produce all things you intend to use at the hearing on Your Vexatious Litigant Motion.

**END**