Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　Plaintiff<br><br>vs.<br><br>New Crescent Investments, LLC, d/b/a Sheraton Crescent Phoenix,<br><br>　　　　Defendant. | No. CV-20-343-PHX-DWL<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT [DOC. 47]** |

Defendant's Motion for Summary Judgment should be granted by the Court for the following reasons:

- Mr. Strojnik introduces no admissible evidence to establish Article III standing.

- He fails to allege (let alone introduce evidence satisfying) the elements of his premises liability claim; and

- The Arizona Supreme Court has long held that only pecuniary damages can be the basis for fraud claims—Mr. Strojnik only alleges physical and emotional injuries.

## I.   MR. STROJNIK'S ADA CLAIM FAILS AS A MATTER OF LAW

Mr. Strojnik's ADA claim should be dismissed as a matter of law because he does not introduce admissible evidence sufficient to establish that (1) Defendant's property is not ADA compliant; (2) he suffered an injury-in-fact; or (3) there is a

"real and immediate threat of repeated injury in the future."

### (A) Mr. Strojnik's Declaration and "Statement of Facts" fail to comply with Rule 56, Fed.R.Civ.P.

Mr. Strojnik's Response fails because it does not comply with the express language of Rule 56, Fed.R.Civ.P. In particular, Rule 56(c)(4) states:

> *(4) Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be <u>made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated</u>. (Emphasis added).

Mr. Strojnik's "Declaration" fails in every possible way. First, in Paragraphs 72 – 84 he attempts to identify five alleged barriers at Defendant's hotel that form the basis of his Response to Defendant's Motion for Summary Judgment. Not surprisingly, those paragraphs are a near cut-and-paste of Paragraph 27 in the First Amended Complaint. Just a quick reading of Paragraphs 72 – 84 of the Declaration reveals that Mr. Strojnik simply makes conclusions and assumptions without specificity, makes legal conclusions, and apparently relies on engineering calculations that Mr. Strojnik never provides any basis to establish he is competent to testify on. Other assertions lack any point of reference to understand just what Mr. Strojnik complains of.

For example, in Paragraph 75 he cites 28 C.F.R. § 505.7 and alleges that the Defendant's "handrails are completely unusable." He does not include a measurement of Defendant's handrails, nor does he explain how Defendant's handrails do not comply with the ADA. In another example, in Paragraphs 77 – 79 Mr. Strojnik cites the ADA regulation (§502.4) regarding the slope of accessible parking spaces and then takes a photo of a digital level that indicates the surface of the ground to be 1.8. Mr. Strojnik does not provide evidence or context of which parking space at Defendant's property the level is allegedly resting on, or even whether the photograph is taken at Defendant's property. Nor does he allege that he was measuring the accessible parking space he parked in. In addition, the ADA

2

accessibility guidelines provide that the sloping and other accessible pathways are to "allow persons who use wheelchairs or other mobility aides to approach, enter and use each facility on a given site." See ada.gov/hsurvey.htm. Mr. Strojnik—who admitted he inspected Defendant's property without the use of a mobility aid—does not allege how the slope is a barrier to him. Finally, in Paragraph 82 Mr. Strojnik inserts a photo of Defendant's reservation desk and simply concludes the "registration desk is inaccessible." He does not cite to the specific regulation applying to registration desks, does not provide a measurement of Defendant's reservation desk, and does not allege how he, a 6' tall man who ambulates without a mobility aid, was affected by the reservation desk.

Accordingly, there is not a proper "fact" in any of his "Statements of Fact" that try to establish there are ADA violations at the Defendant's property. His "facts" are just grainy, out-of-context photographs, captioned with conclusions of law. If such an approach is not even proper for stating a claim in the Complaint—and the Ninth Circuit has upheld every dismissal Mr. Strojnik on this issue already—then it certainly fails to meet the burden of proof for summary judgment purposes. See, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); see also *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F.Supp.3d 1332 (E.D.Cal., January 31, 2020) (Strojnik's Complaint is dismissed because the "grainy, murky photographs" of alleged ADA violations are insufficient to meet Article III standing at the initial pleadings stage).

**(2)** **Mr. Strojnik did not suffer an injury-in-fact.**

It is Mr. Strojnik's burden to prove he has Article III standing. He failed to offer any admissible evidence to contradict Defendant's Statement of Facts, nor does he present evidence demonstrating that the purported ADA violations caused him to suffer an injury-in-fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." The key analysis here, as discussed in Defendant's

3

Motion, is that Mr. Strojnik can only allege an injury-in-fact if the ADA violation at Defendant's property "deprives him of full and equal enjoyment of the facility *due to his particular disability.*" <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939, 944 (9th Cir. 2011) (en banc). While Mr. Strojnik alleges without factual support that he has a mobility disability, the actual evidence in the record says otherwise. Mr. Strojnik himself admits that he does not use a wheelchair, does not use a mobility aid, and has not modified his personal residence in any way to make it more accessible. After performing an Independent Medical Evaluation of Mr. Strojnik, Dr. Greenfield, an orthopedist, concluded that Mr. Strojnik "ambulates relatively well with a very slight limp", has no evidence of positive nerve root tension signs", has "functional range of motion of his shoulders" and an "adequate grip on both the right and left-hand side." In other words, he concluded that Mr. Strojnik does not have disabilities that would prevent him from full and equal enjoyment of the Defendant's property. For that reason alone, Mr. Strojnik should find that Mr. Strojnik lacks Article III standing.

Mr. Strojnik offers no evidence to refute the above facts. He simply concludes that he is disabled and that he encountered ADA violations at Defendant's property. His arguments are not evidence. He has introduced no medical records, medical testimony, or evidence of any kind that would substantiate his conclusion that he has a mobility disability that requires the use of a wheelchair or mobility aid. He does not provide an affidavit from Tanya Strojnik (who he lives with and who travels to most of his site inspections with him) to corroborate his baseless claims. He offers nothing but conclusions of law. For that reason, the Court should dismiss Mr. Strojnik's ADA claim.

**(3)** **Mr. Strojnik has no "real and immediate threat of repeated injury in the future."**

Mr. Strojnik testified in his deposition that he has no concrete and/or specific plans to return to the Defendant's property. He testified that he was not planning to

4

stay at the Defendant's hotel the day he inspected it, but maybe would stay there "sometime in the future" or that he'd like to drive the 3.5 miles from his personal residence and stay at the hotel "maybe on a weekend." He has only stayed at the hotel once in the past 25 years, while chaperoning his son's soccer team. As discussed in Defendant's Motion, these sworn statements are not sufficient to meet the standing requirement sufficient to receive injunctive relief.

Mr. Strojnik's after-the-fact affidavit stating that he now plans to stay at the hotel in March 2021—which "evidence" was introduced for the first time in his Reply brief in direct violation of Rule 56, Fed.R.Civ.P—is subject to the "sham affidavit" rule. In Arizona the "sham affidavit" rule applies because "parties cannot thwart the purposes of Rule 56 by creating issues of fact through affidavits that contradict their own depositions." *Allstate Indem. Co. v. Ridgely*, 214 Ariz. 440, 442, ¶ 9, 153 P.3d 1069, 1070 (App. 2007). Mr. Strojnik alleges that he now plans to stay at Defendant's hotel in March 2021. He cites to a hotel reservation he allegedly made on October 23, 2020—it is no coincidence that Mr. Strojnik made this reservation a few days after Defendant filed its Response to Mr. Strojnik's Motion for Partial Summary Judgment. Accordingly, Mr. Strojnik's affidavit is a transparent attempt to create an issue of fact in direct contradiction of his previous sworn testimony.

### B. Mr. Strojnik's negligence claims must be dismissed as a matter of law.

As much as Mr. Strojnik does not want to believe it, his negligence/negligence *per se* claims—in which he alleges physical and emotional injuries from encountering physical barriers to accessibility on the Defendant's property—are premises liability claims. This means that in order to survive summary judgment Mr. Strojnik must introduce evidence to establish (1) a duty requiring the defendant to conform to a certain standard of care; (2) the defendant's breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4)

5

actual damages. <u>Gipson v. Kasey,</u> 214 Ariz. 141, 143, ¶ 9, 150 P.3d 228, 230 (2007). In Arizona, a "possessor of land" is under an affirmative duty to use reasonable care to make the premises safe for use by invitees." <u>McMurtry v. Weatherford Hotel, Inc.</u>, 231 Ariz. 244, 252, ¶ 22, 293 P.3d 520, 528 (App. 2013). The standard of reasonable care "generally includes an obligation to discover and correct or warn of unreasonably dangerous conditions." <u>Id.</u> Notwithstanding the existence of a duty, a landowner can be relieved of liability if the injury was caused by an open and obvious condition. <u>Id.</u> at 253, ¶ 24, 293 P.3d at 529; *see also* Restatement (Second) of Torts § 343A (1965) ("Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.")

Mr. Strojnik fails to cite a case in which the ADA has been used as duty and standard of care for a negligence *per se* claim. That is because the Ninth Circuit has specifically held that the ADA cannot be the basis for a negligence per se claim. <u>Chandler v. Arizona Partners Retail Inv. Group, LLC</u>, 329 Fed.Appx. 724 (9th Cir. 2009) (negligence per se claim was precluded, testimony regarding purported ADA violations was inadmissible as irrelevant, and instruction on negligence per se was not warranted).[1]

Here, Mr. Strojnik does not even bother to refute Defendant's contention (let alone introduce controverting evidence) that the ADA violations he identified at the property were not "unreasonably dangerous conditions." He does not identify one specific condition at the property that he deems to be "unreasonably dangerous" to him on the day he visited the property. Rather, he resorts to hypothetical arguments, including that the slope in the parking lot could be dangerous because he "*may* fall

---

[1] Accordingly, any reference to the purported ADA violations in his negligence claims are inadmissible and cannot be considered by the Court. *Rule 56(c)(1)(B), Fed.R.Civ.P.* Without being able to admit the purported ADA violations into evidence, he has offered no facts to support a negligence claim.

6

and experience harm" or that someone in a wheelchair could hypothetically "roll down the parking isle and into traffic." His hypotheticals are not evidence. He offers no expert report, and no testimony that describes how any of the alleged ADA violations on the Defendant's property were an "unreasonably dangerous condition" to him. In addition, the purported ADA violations were "open and obvious" to Mr. Strojnik—he boasted in his deposition that (after inspecting hundreds of hotel properties) he is very skilled at identifying ADA violations. He testified that in this case he identified purported ADA violations and then intentionally approached some of those violations to measure for compliance. This fact alone torpedoes his negligence claim.

Furthermore, Mr. Strojnik's attempt to gloss over his burden to prove causation falls well short of the standard needed to survive summary judgment. He offers no evidence besides his conclusive assertions that "your hotel caused me pain" and "every noncompliant [barrier to accessibility] impacts on…the way I ambulate through it." Again, arguments are not facts and legal conclusions are not evidence. The truth is, however, that Mr. Strojnik admitted under oath that he was experiencing physical pain "all the time" both before and after his visit to Defendant's property. He provides no expert testimony, or any cognizable description of how the alleged barriers to accessibility (the ones he intentionally approached) caused him to experience heightened physical pain. He talks about the "parallelogram of forces" but then admitted he does not know how he could use that biomechanical theory to prove causation. Arizona courts repeatedly hold that "sheer speculation is insufficient to establish the necessary element of proximate cause or to defeat summary judgment." *Badia v. City of Casa Grande*, 195 Ariz. 349, 357, ¶ 29 (App. 1999). Mr. Strojnik's unsupported allegations of causation are nothing more than "sheer speculation."

Lastly, Mr. Strojnik has not introduced evidence demonstrating that his mental anguish (*i.e*., the anger and feelings of discrimination he supposedly felt when he

7

identified the ADA violations) manifested in any physical way. *Keck v. Jackson*, 122 Ariz. 114, 115 (1979) ("mental anguish must manifest physically to be recoverable.") The case cited by Mr. Strojnik, *Murray v. Farmers Ins. Co. of Arizona*, 239 Ariz. 58, 366 P.3d 117 (App. 2016) is a de-published decision that limits its ruling to emotional distress arising out of the tortious loss of property, specifically when the relationship between the tortfeasor and injured party is a special one (*e.g.,* insured and insurer). That case is not applicable. Accordingly, Mr. Strojnik's negligence claims must be dismissed as a matter of law.

### C. Mr. Strojnik's fraud claims fail as a matter of law.

Mr. Strojnik has not submitted any evidence to support his claim that his reliance on Defendant's alleged misrepresentation was reasonable or that he suffered pecuniary damages. His "evidence" consists of conclusive statements that he "had a right to rely" on the Defendant's website and that he was "consequentially and proximately injured by visiting the hotel." This is not sufficient to avoid summary judgment.

The evidence in the case, however, is sufficient to demonstrate that Mr. Strojnik did not "reasonably rely" on Defendant's website. He testified that he has only encountered one ADA compliant hotel in the past six years—and that was sometime in 2016 or 2017. Since 2018 he has filed more than 200 ADA lawsuits against hotels alone. If zero out of at least the last 200 hotels he visited were not ADA compliant, it was not "reasonable" for him to believe that Defendant's would be.

In addition, Mr. Strojnik does not allege in his Controverting Statement of Facts that he suffered any pecuniary harm as a result of his reliance on Defendant's website. His "statement of fact" simply concludes that he "was consequentially and proximately injured by visiting the hotel and experiencing pain, suffering and physical damages when encountering accessibility barriers." The Arizona Supreme Court has long held that Arizona does not allow emotional suffering or physical

8

injury to be the basis for fraud damages—only pecuniary damages are permitted. *Echols v. Beauty Build Homes, Inc.*, 132 Ariz. 498, 501, 647 P.2d 629, 632 (1982) (Defendants suffered no pecuniary damages as result of reliance on alleged misrepresentations and therefore fraud claim was dismissed on summary judgment). Accordingly, because Mr. Strojnik has not (and cannot) allege pecuniary damages in his fraud claims, they must be dismissed as a matter of law.

### III.  CONCLUSION

Mr. Strojnik's claims are baseless and are directly refuted by long-standing case law. Despite having more than a dozen of his ADA claims dismissed by federal courts for lacking Article III standing (and despite being disbarred for filing thousands of ADA claims without standing) he introduces no evidence to support his Article III standing. He cites the purported ADA violations at the Defendant's property as the basis for his negligence claims in spite of Ninth Circuit precedent that ADA violations are inadmissible and irrelevant to negligence claims. He asserts fraud claims despite the Arizona Supreme Court holding that emotional and physical damages cannot be the basis for a fraud claim.  Accordingly, the Court should grant Defendant's Motion for Summary Judgment.

The Arizona legislature has established consequences for bringing "claims without substantial justification" as Mr. Strojnik has done here. A.R.S. § 12-349 provides that the Court *shall* assess reasonable attorneys' fees and expenses against a party who asserts legal claims without substantial justification. None of Mr. Strojnik's claims has a factual or legal basis and were solely brought as part of a years-long scheme to extort hotel franchisees into quick settlements rather than engage in protracted litigation. In many cases Mr. Strojnik's scheme works. In this case however, the Court has the benefit of a full record to determine that Mr. Strojnik's claims are baseless and that Defendant should be awarded its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-349(A). In addition, 42 U.S.C. §

12205 provides that the "prevailing party" in an ADA accessibility case is entitled to its reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED this 17th day of November, 2020.

    JENNINGS, STROUSS & SALMON, P.L.C.

    By *s/ Lindsay G. Leavitt*
        Lindsay G. Leavitt
        One East Washington Street, Suite 1900
        Phoenix, Arizona 85004-2554
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

☒ I hereby certify that on November 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com

☐ I hereby certify that on November 17, 2020, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

    s/ Tana Davis-Digeno

7377958v1(69171.1)