Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Peter Strojnik, | No. CV-20-343-PHX-DWL |
|---|---|
| Plaintiff | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |
| vs. | |
| New Crescent Investments, LLC, d/b/a Sheraton Crescent Phoenix, | |
| Defendant. | |

Mr. Strojnik's Response is a microcosm of his litigation strategy. He asserts wild, baseless "legal" claims coupled with personal attacks against the opposing party and counsel. He then threatens protracted and costly litigation and tries to bully the other side into a settlement. Defendant has had enough—it filed this Motion to finally bring an end to Mr. Strojnik's extortionate and vexatious litigation tactics.

It is telling that Mr. Strojnik did not use any portion of his twelve-page Response to rebut the substantive arguments Defendant raised in its Motion. Per usual, he tried to deflect the Court's attention to Defendant and undersigned counsel with personal attacks and frame himself as a modern-day civil rights leader. Because of the potential for confusion created by this tactic, it is important to clarify from the outset the undisputed (and outcome-dispositive) facts that the Court can rely on to declare Mr. Strojnik a vexatious litigant:

(1) In 2019 Mr. Strojnik was disbarred in Arizona because he filed hundreds of frivolous ADA lawsuits;

(2) Since his disbarment he has filed more than 200 ADA lawsuits against hotel franchisees alleging that he is disabled and that he encountered barriers to accessibility at each of the defendants' properties. He has also been declared a vexatious litigant in the Central and Northern Districts of California.

(3) The purported ADA violations he identifies in his complaints are only barriers to accessibility for someone navigating a hotel in a wheelchair. Mr. Strojnik does not use a wheelchair, or a mobility aid, and his home has not been modified in any way to make it accessible. An orthopedist who performed an Independent Medical Evaluation of Mr. Strojnik could not identify any disability effecting Mr. Strojnik's mobility.

(4) Because he is not entitled to attorneys' fees, his ADA claims have no monetary value. For that reason, he asserts a smorgasbord of tort claims, including negligence and fraud and seeks more than $100,000 in damages despite conceding in his deposition that his damages are (at best) "nominal."

(5) Mr. Strojnik fails to allege (let alone introduce any evidence satisfying) the elements of his premises liability claim; and

(6) The Arizona Supreme Court has long held that only pecuniary losses can be the basis for damages in a fraud claim—whereas Mr. Strojnik only alleges physical and emotional injuries.

To repeat a very important point from Defendant's Motion, before the Court can declare Mr. Strojnik a vexatious litigant, the Court must (1) provide Mr. Strojnik an opportunity to file a Response, (2) create an adequate record for review, and (3) make substantive findings as to the frivolous and/or harassing nature of Mr. Strojnik's legal actions. Given that (1) and (2) have been accomplished—and there is no requirement or need for an evidentiary hearing—Defendant will focus its Reply on reiterating and clarifying why Mr. Strojnik's claims are frivolous and/or harassing.

**I.  MR. STROJNIK'S LITIGATION STRATEGY IS DESIGNED TO HARASS DEFENDANTS INTO QUICK SETTLEMENTS.**

On their face Mr. Strojnik's claims are harassing because "prolific, repetitive filings can constitute harassment because such claims result in a huge waste of judicial

2

1  effort and time." <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1148 (9th Circuit 1990).
2  When determining whether filings are "harassing" in nature, the Court should consider
3  the number and content of the filings as indicia of the frivolousness of the litigant's
4  claims. <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1059 (9th Cir. 2007).

5        The U.S. District Court, Northern District of California determined that Mr.
6  Strojnik's litigation strategy was designed to harass.

> A litigant who mills out generic complaints that do not meet pleading standards, knowing that either the case will settle without reaching the merits or that the court will grant leave to amend is abusing the judicial process. Such a litigation strategy wastes the resources of the court, which must repeatedly rule on the same pleading issues. It also imposes unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct. Most concerning, the mere fact of filing a lawsuit (regardless of its pleading sufficiency) may pressure defendants into settling what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense.

15 <u>Strojnik v. IA Lodging Napa First, LLC</u>, No. 19-cv-03983-DMR, 2020 WL 2838814
16 at *11 (N.D. Cal., June 1, 2020). In <u>IA Lodging</u>, the court examined the 114 ADA
17 cases Mr. Strojnik had filed in California federal court through June 1, 2020, and
18 determined that 0 had been tried on the merits, 60 had been settled shortly after the
19 case was filed, 9 had been dismissed, 41 were currently pending, and 4 had been
20 dismissed for reasons that were unclear. The court inferred that Mr. Strojnik's
21 lawsuits were designed to extort quick settlements. <u>Id</u>.

22       Here, Mr. Strojnik has aggressively tried to settle his claims prior to litigation
23 so that there is no court record of them. As discussed in the Motion, he sends every
24 defendant a "courtesy notice" with a draft complaint attached and an invitation to
25 settle his claim before he commences litigation. He often includes a "no visit" clause
26 in his settlement agreement that promises he will never visit the hotel again. This "no
27 visit" clause obviously contradicts his allegations that he plans to "return to every

1  property." Furthermore, if a defendant calls Mr. Strojnik's bluff and chooses to
2  litigate, Mr. Strojnik's legal claims quickly fall apart (as Defendant discovered) once
3  basic discovery and dispositive motions are completed. Accordingly, this Court
4  should find that Mr. Strojnik's tactics are harassing, and solely designed to extract
5  quick settlements—a hallmark of vexatious litigants.

## II.     MR. STROJNIK'S LEGAL CLAIMS ARE FRIVOLOUS.

Not one legal claim of Mr. Strojnik's has merit, and, even if they did, his damages claims are so outrageous that that alone justifies a vexatious litigation designation. *Molski,* 500 F.3d at 1059 (A vexatious litigant can transform a legitimate claim into a baseless claim by asserting facts that are grossly exaggerated or totally false (including overstating damages to coerce a settlement)).

### A.     There is no evidence to support Mr. Strojnik's Article III standing.

Mr. Strojnik seems to think that prevailing on an ADA claim simply requires an individual to allege he is disabled and then identify an ADA violation at a public accommodation. The United State Supreme Court has directly refuted this. *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547-48 (2016). Mr. Strojnik must provide evidence that he has suffered an injury-in-fact that is "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1547. In an accessibility case, this means Mr. Strojnik must introduce evidence to show that the barriers to accessibility he "encountered deprive him of full and equal enjoyment of the facility due *to his particular disability*." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 944 (9th Cir. 2011) (en banc).

Before he can even make that argument, however, he must first demonstrate that he is disabled and that there are ADA violations at Defendant's property. Despite a lengthy discovery period in this case, Mr. Strojnik has introduced no evidence that he has a disability substantially effecting his mobility (in fact an independent orthopedist concluded he is not disabled) nor has he proven the existence of ADA

4

violations at Defendant's property (he has simply produced grainy, black-and-white photos captioned with legal conclusions). He has failed to clear the most basic preliminary hurdles to bring an ADA case. Finally, even if he could prove he was disabled and could prove there were ADA violations at Defendant's property, he has not introduced one piece of evidence demonstrating how the violations affected his particular disability. The record is clear that he does not use a wheelchair and he does not use mobility aids to ambulate. All of the purported violations he alleges could only be barriers to accessibility for someone in a wheelchair. After filing more than 2000 ADA cases (and losing the vast majority of them) Mr. Strojnik is still unable—even when given ample opportunities to prove his case—to meet even the most basic requirements to satisfy Article III standing.

**B.   Mr. Strojnik cannot meet his burden to prove any of the elements of a premises liability negligence claim.**

Mr. Strojnik's negligence claims are premised on the purported ADA violations he encountered at the Defendant's property. He argues that the ADA violations are a *per se* breach of Defendant's standard of care. He has offered no other "evidence" to support his negligence claims.[1] The problem with Mr. Strojnik's negligence claim is that it directly violates established Ninth Circuit precedent. In *Chandler v. Arizona Partners Retail Inv. Group, LLC,* the Ninth Circuit held that the ADA cannot be the basis for a negligence per se claim and that ADA violations were not admissible in negligence claims at trial because they were irrelevant. 329 Fed.Appx. 724, 725-26 (9th Cir. 2009).

In addition, Mr. Strojnik has been unable to provide even a scintilla of evidence to prove causation—*i.e.,* that the ADA violations caused him physical pain. The only "evidence" he offers are conclusive statements that "he experienced pain

---

[1] And Mr. Strojnik has not even met his burden to prove the existence of ADA claims at the Defendant's property. He has only submitted grainy, black-and-white photographs captioned with legal conclusions.

5

while on the property." He has put forward no actual evidence, however, that connects the physical pain he says he felt at the property to the physical condition of the property. In fact, he testified that he was in "constant pain" prior to visiting the Defendant's property. He also alleges that seeing the ADA violations at the property (which again, are not admissible in his negligence claim) caused him to feel really angry—and he demands to be compensated for those angry feelings despite Arizona law holding that mental anguish must manifest physically to be recoverable. *Keck v. Jackson*, 122 Ariz. 114, 115 (1979). Despite submitting no evidence, no medical bills, and no causation expert, he seeks more than $100,000 for his negligence claims. This is the definition of frivolous and harassing conduct.

### C. Mr. Strojnik has alleged no pecuniary losses in his fraud claims.

Mr. Strojnik argues that his emotional harm (*i.e.,* the anger he feels when he sees ADA violations) and his physical pain (*i.e.,* which he acknowledges he constantly experienced *before* visiting Defendant's property) are also the basis for his fraud claims. The Arizona Supreme Court has long held that only pecuniary losses can be the basis for damages in fraud claims. *Echols v. Beauty Build Homes, Inc.*, 132 Ariz. 498, 501, 647 P.2d 629, 632 (1982). In *Echols*, the purchasers of a home sued the real estate developer for fraud, alleging that the developer misled them to believe that a federal tax credit would be available on the purchase of their homes. The purchasers claimed the tax credit but it was not challenged by the IRS, therefore they suffered no pecuniary loss. The Arizona Supreme Court confirmed that recovery in fraud actions is limited to pecuniary losses and that if the purchasers could not demonstrate pecuniary loss then their case should be dismissed as a matter of law. *Id*. at 501, 647 P.2d at 632. Here, Mr. Strojnik has alleged no pecuniary losses, accordingly, his fraud claims are baseless.

As more thoroughly discussed in Defendant's Motion as well as its summary judgment briefings, Mr. Strojnik's claim that he visited Defendant's property because

6

1  he relied on Defendant's website is absurd. He identifies himself as an "ADA tester"
2  who visits hotels to test for compliance. He testified that of the hundreds of hotels he
3  has inspected, only one was ADA compliant (and he cannot even remember where
4  that hotel was located). Accordingly, it was not *reasonable* for Mr. Strojnik to visit
5  Defendant's property believing it was fully compliant because the last 200+ hotels he
6  has visited were also (according to him) not fully compliant.

**IV.    THE COURT HAS BROAD DISCRETION TO FASHION AN ORDER RESTRICTING MR. STROJNIK FROM FILING OR LITIGATING IN FEDERAL COURT.**

District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation. <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990). Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case. See *e.g.*, <u>O-Loughlin v. Doe</u>, 920 F.2d 614, 616 (9th Cir. 1990) (requiring pro se inmate deemed vexatious litigant to show good cause before being permitted to file future actions); <u>De Long</u>, 912 F.2d at 1146-47 (prohibiting filings of pro se litigant proceeding in forma pauperis without leave of the district court); <u>Moy v. United States</u>, 906 F.2d 467, 469 (9th Cir. 1990) (forbidding pro se plaintiff from filing further complaints without prior approval of district court). Thus, the Court has broad discretion to fashion an order that will sufficiently prevent Mr. Strojnik's assault on, and continuing abuse of, the federal court system.

Mr. Strojnik uses the majority of his Response to argue that this Court does not have the authority to declare him a vexatious litigant because he files his ADA complaints in state court. He cites no case law to support his argument. U.S. District Courts have original jurisdiction over Mr. Strojnik's ADA claims—and Mr. Strojnik testified in his deposition that he only files his ADA claims in state court because the filing fees are cheaper and to avoid federal courts from conducting an Article III

7

standing analysis. If Mr. Strojnik does not want his cases removed to federal court, he should not file lawsuits founded on a federal claim.[2] Defendant has the right to defend a federal claim in federal court. Mr. Strojnik cannot circumvent federal vexatious litigant standards because he files his federal claims in state court.

With the goal to avoid future waste of judicial resources, Defendant suggests the Court fashion an award that includes any/all of the following remedies or others that the Court deems necessary:

- Mr. Strojnik may only file ADA claims in federal court and must first seek leave of the Court before doing so. <u>Strojnik v. SCG America Construction Inc.</u>, Case No.19-cv-1560 (C.D. Cal. Apr. 19, 2020) (Strojnik must first obtain certification from the Chief Judge that his claims are not frivolous or asserted for an improper purpose).

- All ADA cases removed to federal court are immediately stayed pending Strojnik's ability to demonstrate to the Court a likelihood of success on the merits. <u>Strojnik v. IA Lodging Napa First, LLC</u>, No. 19-cv-03983-DMR, 2020 WL 2838814 (N.D. Cal., June 1, 2020) (District court ordering Strojnik to respond to an Order to Show Cause why he had Article III standing).

- Mr. Strojnik must immediately post a cash bond in each ADA case against which a Defendant can seek reasonable attorneys' fees if Mr. Strojnik does not prevail on his ADA claim. See *e.g.,* <u>Steinhart v. Barkela</u>, No. C-11-03497-EDL, 2013 WL 3814330 (N.D.Cal, July 19, 2013) (Trial court declared plaintiff a vexatious litigant and ordered plaintiff to post $10,000 bond and obtain approval from court before proceeding with case).

Unique problems require unique solutions. The Court has discretion to adopt one or more of the above remedies to fashion a solution tailored to prevent Mr. Strojnik from wasting judicial resources with his baseless and frivolous lawsuits.

---

[2] To avoid federal court entirely Mr. Strojnik could choose to file claims under the Arizonans with Disabilities Act (AzDA) which is the state-law version of the ADA. He will not do this, however, because the AzDA was recently amended by the State Legislature—in response to Mr. Strojnik filing more than 1700+ AzDA lawsuits in state court in 2016—mandating that AzDA plaintiffs provide defendants with a notice and opportunity to cure the alleged violation prior to a lawsuit being filed. Providing hotels with notice and an opportunity to cure would significantly derail his drive-by, money-making litigation scheme.

8

RESPECTFULLY SUBMITTED this 19th day of November, 2020.

> JENNINGS, STROUSS & SALMON, P.L.C.
>
> By  *s/ Lindsay G. Leavitt*
> Lindsay G. Leavitt
> One East Washington Street, Suite 1900
> Phoenix, Arizona  85004-2554
> *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on November 19, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com

☐   I hereby certify that on November 19, 2020, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

   *s/ Tana Davis-Digeno*