Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone: (602) 524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>New Crescent Investments, LLC dba Sheraton Crescent Phoenix<br><br>　　　　　Defendant. | Case No: 2:20-cv-00343-DWL<br><br>**NOTICE OF AMENDED DECLARATION [50-1]** |

Defendant's Reply in Support of Motion for Summary Judgment, Dkt. at 55 (Hereafter "[55]"), suggest that Defendant views Plaintiff's 2020-10-30 Declaration [50-1] ambiguous or otherwise inadequate. Plaintiff offers his Amended Declaration of Peter Strojnik to resolve any inadequacy or ambiguity. *See* Exhibit 1, redlined Declaration and Exhibit 2, clean Declaration.

Amended Declaration offers, inter alia, the following amendments:

1. To confirm that Plaintiff initially filed this case in the Maricopa County Superior Court and to confirm that Superior Court which has previously validated Plaintiff's standing [45.2] and to confirm that Plaintiff's objection to remanding this case back to the Superior Court is based primarily on duplicated efforts, the already wasted court resources, and everyone's time, money, costs and expenses.

The question of jurisdictional standing has been addressed by the Honorable Stephen P. Logan in *Strojnik v. HPTRI Corporation* (U.S. D. Ariz. 2:20-cv-01868-SPL) at [25] where the removal had been accomplished by the same lawyers as here. Exhibit 3. Judge Logan sua sponte dismissed the case for lack of standing and remanded the entire case, including the ADA claim, back to the Maricopa County Superior Court.

Plaintiff disagrees with Judge Logan's analysis, but finds it unnecessary to further argue this matter: Plaintiff filed the case in the Superior Court and is comfortable litigating there. *See* Amended Declaration at 1, second and third full paragraphs.

2. To both commence and conclude the Declaration with the Rule 56(c)(4) certification; the current Declaration commences with the certification, but Defendant seems to suggest that the certification is required both at the beginning and at the end[1]. *See* Amended Declaration at p. 1 and just above the signature line.

3. To clarify that Plintiff is not making a premises liability claim[2]. Amended Declaration at p. 1 third paragraph.

4. To clarify that Defendant's reference to ¶74 containing a photo of stairs and non-compliant handrails does not refer to 28 C.F.R. § 505.7 as recited by Defendant at 2:18. There is no "28 C.F.R. § 505.7". The reference in the graphic in ¶75 is not to any C.F.R. but to commonly known 2010 Standards for Accessibility Design at ¶505.7.

---

[1] *See* Defendant's Reply [55] at 2:2-8.

[2] Defense counsel often tries to educate Plaintiff what Plaintiff really means. In the *HPTRI* case for example, defense counsel "advised" the Court that Plintiff did not *really* intend to sue the owner of the hotel in issue, HPTRI Corporation, but an entirely different entity, HPTMI Properties Trust. Counsel then filed a counterclaim on behalf of HPTMI. *See Strojnik v. HPTRI Corporation* (U.S. D. Ariz. 2:20-cv-01868-SPL) at [11], Answer and Counterclaim, where he educates the Court and Plaintiff that "Defendants HPTMI Properties Trust ("HPTMI") [are] incorrectly named in the Complaint as HPTRI Corporation".

In the ever-present need to remain focused, Plaintiff in that case, as here, had to correct Defendant's substitution of Plaintiff's allegations with its own:

> Defendant's entire Counterclaim is based on a novel, heretofore unrecognizable legal theory: "Plaintiff did not really mean to sue HPTRI Corporation ("HPTRI"), Plaintiff really meant to sue HPTMI Properties Trust ("HPTMI")". In the annals of jurisprudence this is a lifeless defense, so let there be no mystery: Plaintiff *intended* to sue HPTRI, he *did sue* HPTRI and he sued HPTRI because HPTRI owns Residence Inn by Marriott Scottsdale Paradise Valley located at 6040 N. Scottsdale Rd., Paradise Valley, AZ 85253. [24] at 1:15-20. (Emphasis in original.)

5. To further clarify and enhance otherwise clear statements of causality between Plaintiff's ADA disabilities and Defendant's ADA violations. *See* Amended Declaration at ¶¶ 74(a), 79(a) and 80(a).

6. To confirm that Plaintiff is making the negligence claim based on Arizona's common law and not on California's statutory law as suggested by Defendant's reference to *Chandler v. Arizona Partners Retail Inv. Group, LLC,* 329 Fed.Appx. 724 (9th Cir. 2009). *See* Amended Declaration at p 1 fourth paragraph. *See also* [45-5] California District Court decision confirming viability of separate cause of action for negligence.

7. To clarify that Plaintiff's misrepresentation and fraud related claims are not just stand alone claims, but also claims pursuant to th Arizona's Consumer Fraud Act, A.R.S. §§ 44-1522 *et seq*[3].

8. To clarify the damages suffered by Plaintiff by defendant's wrongful conduct include economic and monetary damages as admitted by Defendant in its Statement of Facts [48] at ¶49, and with Defendant's representation in its Motion [47] at 6:24 – 7:20 ("[Plaintiff's] monetary damages consist of the cost and expense [of] driving his [automobile] … from his home to Defendant's Hotel and his time walking around Defendant's property on January 8, 2020".) Defendant omits to admit, however, the salient part of the Deposition [45-10] where Plaintiff directly advises counsel that monetary and economic damages include loss of time at the rate of $650.00 per hour. *See* Amended Declaration at §88 and Deposition [45-10] beginning at 108:21 and ending at 109: 17.

---

[3] "The Arizona Consumer Fraud Act ["CFA"] is a broadly drafted remedial provision designed to eliminate unlawful practices in merchant-consumer transactions." *State ex rel. Woods v. Hameroff*, 884 P.2d 266, 268 (Ariz. Ct. App. 1994). "Generally stated, claims under the CFA, like common law fraud claims, can be based on affirmative misrepresentations, concealment, or omission of material facts." *Tavilla v. Cephalon, Inc.*, 870 F.Supp.2d 759, 776 (D. Ariz. 2012). (An affirmative misrepresentation causes injury where the consumer actually relies on" the representation, although the consumer's reliance does not need to be justifiable. *Cheatham v. ADT Corp.*, 161 F.Supp.3d 815, 825-26 (D. Ariz. 2016)). An omission is actionable under the CFA if it "is material and 'made with intent that a consumer rely thereon.'" *Id.* at 830 (quoting *State ex rel. Horne v. AutoZone, Inc.*, 275 P.3d 1278, 1281 (Ariz. 2012)).

1  **RESPECTFULLY SUBMITTED** this 22nd day of November 2020.
2  **PETER STROJNIK**
3  
4  Peter Strojnik
5  
6  SERVED AND DISTRIBUTED THROUGH PACER