Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>            Plaintiff<br><br>vs.<br><br>New Crescent Investments, LLC, d/b/a Sheraton Crescent Phoenix,<br><br>            Defendant. | No. CV-20-343-PHX-DWL<br><br>**DEFENDANT'S MOTION TO STRIKE MR. STROJNIK'S NOTICE OF AMENDED DECLARATION** |

Pursuant to LRCiv 7.2(m)(1), Defendant moves to strike Mr. Strojnik's Notice of Amended Declaration [Dkt. 57] because it was not authorized by Court order or the federal rules of civil procedure.

## I.   INTRODUCTION

After fully briefing two Motions for Summary Judgment, Mr. Strojnik recognized that he was unable to present sufficient evidence to survive summary judgment on any of his legal claims. He filed his Notice of Amended Declaration ("Amended Declaration") one week after Defendant filed its Reply in support of its Motion to Summary Judgment in an attempt to introduce new "facts" that he failed to present in his Response. His Amended Declaration should be stricken by the Court because his Amended Declaration is not permitted by the rules of civil procedure.

## II. LEGAL ARGUMENT

Mr. Strojnik's Amended Declaration is a last-ditch effort to insert "facts" into the record through a self-serving (sham) affidavit. The Court should strike it from the record. Local Rule Civil Procedure 7.2(m)(1) provides that the Court may strike "any part of a filing or submission on that ground that it is prohibited (or not authorized) by a statute, rule, or court order." Here, Mr. Strojnik was not authorized to supplement his statements of "fact" well after Defendant closed the briefings by filing its Reply in support of its Motion to Summary Judgment.

In its Reply brief Defendant noted that Mr. Strojnik had failed to (and could not) introduce evidence that created a material issue to avoid summary judgment in any of his claims. One week later Mr. Strojnik filed his Amended Declaration with new declarations disguised as "facts" that attempt to cure his deficient briefings. Mr. Strojnik did not request leave of the Court to amend his controverting statements of fact, nor do the rules of civil procedure permit him to amend his controverting statement of facts well after the moving party has replied to it.

The Court should find that Mr. Strojnik's Amended Declaration was submitted in bad faith or solely for delay pursuant to Rule 56(h), Fed. R. Civ. P.

## III. CONCLUSION

Mr. Strojnik's Amended Declaration is a blatant disregard for the rules of civil procedure. The Court should strike it in its entirety.

RESPECTFULLY SUBMITTED this 24th day of November, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By *s/ Lindsay G. Leavitt*
Lindsay G. Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
*Attorneys for Defendant*

2

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on November 24, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com

☐ I hereby certify that on November 24, 2020, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

s/ Tana Davis-Digeno