1

2

3

4

Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone:  (602) 524-6602
ps@strojnik.com

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

7

8

9

10

11

12

13

14

| Peter Strojnik, | Case No:  2:20-cv-00343-DWL |
|---|---|
| Plaintiff, | **RESPONSE TO DEFENDANT'S MOTION TO STRIKE AMENDED DECLARATION [58]** |
| vs. | |
| New Crescent Investments, LLC dba Sheraton Crescent Phoenix | |
| Defendant. | |

15

16

17

18

19

        In his moving papers, Defendant admitted that Plaintiff suffered "monetary" damages. *See* Defendant's Statement of Facts [48] at ¶49 and  Motion [47] at 6:24 – 7:20. Defendant then lay in wait until Plaintiff filed his opposition. Then, in his Reply [55], Defendant declared that "Mr. Strojnik only alleges physical and emotional injuries". *Id.* at 1:22-23.

20

21

22

23

        Defendant should not be permitted to suppress disclosure of false facts first argued in his Reply. Defendant's initial statement admitting that the fraud claim is supported by monetary damages is true. It is based on Plaintiff's deposition taken by Mr. Leavitt[1]. Defendant's subsequent denial of monetary damages is simply made up.

24

25

26

27

        Both the Plaintiff and counsel were present at the deposition. They both know that the statement in Defendant's Reply is false. They were both present when Plaintiff

28

---

[1] The deposition has been submitted in its entirety as part of Plaintiff's Statement of Facts. Dkt. at 45-10.

1  disclosed that while conducting civil rights work in California, the opposing party would

2  hire him to provide his ADA expertise. *See* Deposition, [45-10] at 79:2-7:

3

4

5

6

7

```
2         Now, I will tell you that when I was working
3   in California, hotels actually hired me to make them
4   right.  I'm available for hire if this hotel wants to
5   become fully compliant.
6         Q.  And how much do you charge?
7         A.  650 per hour.
```

8          Both were also present when the following question-answer disclosed the details of

9  monetary damages. *Id.* at 108:21 to 109:17:

10

11

12

13

14

15

16

17

18

19

```
12    Q.  Okay.  So for your common law fraud, failure
13  to disclose, and consumer fraud claims in this case,
14  I think I've got to understand what your emotional
15  damages are you're alleging.
16         The physical damages that you're alleging
17  resulted from the fraud is that you went there and
18  experienced pain, physical pain, on the property; is
19  that right?
20    A.  Correct.
21    Q.  Okay.  So let's talk about the monetary
22  damages that you just brought up.
23         Are you saying that it is the -- that your
24  monetary damages arising from the common law fraud,
25  consumer fraud, failure to disclose are what?
```

20

21  ///

22

23  ///

24

25  ///

26

27

28

2

1

2

3

4

5

6

7

8

9

10

11

12

13

Page 109

```
 1    A.  The money I have to spend going there, the
 2  cost of travel, the cost of my time, and the expense of
 3  the other costs.
 4       But I will agree with you that the damages are
 5  relatively nominal, but they are damages.
 6    Q.  Now, what is your -- what is your time worth,
 7  do you believe?
 8    A.  Per hour, 650.
 9    Q.  Well, you're saying that the cost of your time
10  to do something.
11       What's your time worth, do you believe?
12    A.  $650 an hour.
13    Q.  Okay.  And so you feel like by them failing to
14  disclose and committing fraud, you wasted your time
15  going to the property; is that correct?
16    A.  That's not the only thing, but that's part of
17  it, yes.
```

14

15        Both parties knew that Plintiff suffered monetary and out of pocket damages.

16  Plaintiff suffered monetary damages and expenses incurred while going to the hotel in

17  reliance on Defendant's misrepresentations. Both knew that Plaintiff suffered additional

18  economic damages as a result of waste of time at $650.00 per hour.

19        Presentation of false facts in the Reply and the suppression of true facts is inimical

20  to a proper resolution of a Motion for Summary Judgment. Defendant's Motion to Strike

21  should be denied in its entirety.

        **RESPECTFULLY SUBMITTED** this 25th day of November  2020.

                          **PETER STROJNIK**

22

23

24                          Peter Strojnik

25

26  SERVED AND DISTRIBUTED THROUGH PACER

27  /s/

28